ANNA LAURIE WEBSTER RINKS *et al.*, COMPLAINANT, AP-
PELLEE, *v.* MRS. MARY CAMP GORDON *et al.*, DEFEND-
ANT, APPELLANT.*

(*Nashville*, December Term, 1929.)

Opinion filed March 1, 1930.

Hugh Lee Webster, for complainant, appellee.

Horace Frierson, Jr., for defendant, appellant.

Mr. Justice Swiggart delivered the opinion of the Court.

The will of Ella P. Webster, probated in Maury County in 1885, disposed of a tract of 200 acres of land as follows:

"1st: To my sister Carrie T. Webster all of my Real & Personal Estate, during her natural life.

"2nd: It is my will that the Estate herein devised to my sister Carrie T. Webster at her death shall be equally divided between my sisters Mary C. Gordon, wife of Richard C. Gordon, Hattie B. Jones, wife of Clark T. Jones and my brother, A. B. Webster and Geo. P. Webster, share and share alike to them or their heirs,

who may be living at the time of my sister Carrie T. Webster's death.''

Only one of the remaindermen named in the will, Mrs. Mary C. Gordon, survived the life tenant. Mrs. Hattie B. Jones and George P. Webster died during the life of the life tenant, leaving children who survive the life tenant. A. B. Webster predeceased the life tenant, unmarried and without children. During his life, A. B. Webster conveyed to his niece, Camille Gordon, his remainder interest in the estate of his sister, under the will hereinabove set out.

Under appropriate pleadings, the chancellor decreed that each of the remainder estates created by the will of Ella P. Webster was made contingent upon the named devisee's survival of the life tenant; that the remainder interest of A. B. Webster, being contingent, passed under the terms of the will to his heirs who were living at the death of the life tenant, so that his deed to Camille Gordon was ineffective to convey any part of said remainder interest.

By the assignments of error of Camille Gordon on her appeal it is contended that the remainder interest in one-fourth of the estate of Ella P. Webster was vested in A. B. Webster upon the death of the testatrix, and passed to appellant by the terms of his deed to her.

Conceding the force of the authorities cited for the appellant, that the law favors the early vesting of estates, and that postponement of the vesting will not be decreed on dubious and uncertain testamentary expressions, we are unable to give to the language of the will any meaning other than that decreed by the chancellor.

We think it clear that the testatrix had in mind the division of her estate among persons living at the date of the death of her sister, Carrie T. Webster, the life tenant. She directs that the estate devised to the life tenant "at her death shall be equally divided." Then, after naming her other brothers and sisters, among whom the division was to be made at the death of the life tenant, the testatrix added, "share and share alike to them or their heirs, who may be living at the time of my sister Carrie T. Webster's death." By this language the testatrix obviously contemplated that only persons living at the death of the life tenant would share in the division of the remainder estate, and intended that the determination of the persons by whom the remainder estate should be enjoyed would be made as of that date.

It is contended for the appellant that the phrase "or their heirs, who may be living at the time of my sister Carrie T. Webster's death" should be given no meaning other than is ordinarily given to the phrase "or their heirs," as words of limitation and not of purchase. This cannot be done. If A. B. Webster took a vested estate in remainder and made no disposition of it in his lifetime, the inheritance of his interest would be determined by his heirs at law living at the time of his death, while the direction of the will under construction is that the interest devised to A. B. Webster would pass to his heirs living at the death of the life tenant, to the exclusion of an heir who might have survived A. B. Webster but who died prior to the death of the life tenant.

It is otherwise contended for appellant that if the phrase just referred to cannot be construed as if it were merely "or their heirs," it should be disregarded

as surplusage, because dubious and uncertain in meaning and application.

It is obvious that words of testamentary direction cannot be disregarded as surplusage, if any reasonable meaning can be drawn from them; and we have no doubt but that the proper meaning of this language of the will, read with its context, and particularly with the language directing the division of the estate at the death of the life tenant by which the clause is introduced, is that the testatrix intended her land to be divided at the death of the life tenant among her brothers and sisters who should then be living, with the heirs of a deceased brother or sister then living taking the share of such deceased brother or sister.

So construed the will devises a contingent remainder estate to the four brothers and sisters named. A remainder is not rendered contingent only when the determination of the preceding estate is made to depend upon an event which may or may not happen. It is contingent, and not vested, whenever the persons who are to enjoy the remainder are to be ascertained at the time the preceding estate fails, and are not ascertained at the time the preceding estate and the remainder estate are created. The remainder estate created by the will of Ella P. Webster was contingent, because, at her death, when the will took effect, the persons among whom the remainder estate was to be divided were "dubious and uncertain;" the interest of the persons named being made dependent upon their survival of the life tenant. *Forrest* v. *Porch,* 100 Tenn., 391, 392-393; *Bigley* v. *Watson,* 98 Tenn., 353, 358-359, 38 L. R. A., 679.

The deed hereinabove mentioned, from A. B. Webster to Camille Gordon, included an undivided remainder in-

terest in other land, vested in A. B. Webster under the will of his mother, Harriet Webster. The decree rendered by the chancellor directed that the deed should be held null and void. Counsel agree that this decree should be so modified as to adjudge the deed null and void only in so far as it purports to convey to Camille Gordon any interest in the estate of Ella P. Webster.

The decree of the chancellor will be modified as thus agreed, and otherwise affirmed. Inasmuch as the original bill seeks a division of real estate among tenants in common, the cause is remanded to the chancery court for further proceedings.

The cost of the appeal will be adjudged against the appellant.