TAYLOR *et al. v.* DICKERSON.

(*Nashville*, December Term, 1933.)

Opinion filed January 27, 1934.

Solon Fitzpatrick, of Carthage, for appellants.

H. B. McGinness, of Carthage, for appellee.

Mr. Justice Swiggart delivered the opinion of the Court.

The complainants are the only children and heirs at law of Martin Taylor, who died in 1932. They assert title to a designated tract of land as the only heirs at law of their grandmother, Lousette Taylor, living at the date of their father's death.

The land in issue was devised by the last will of Lousette Taylor, admitted to probate in 1907, to her son, Martin Taylor, "during his natural life, then to go to my heirs equally, or their heirs or assigns."

Lousette Taylor, the testatrix, was survived by her son, complainants' father, and by three daughters. The daughters died prior to the death of their brother, the life tenant, and, while the pleadings do not expressly state that they left no issue surviving them, it appears to have been so assumed by the parties.

The four children of the testatrix aliened their rights and estate in the land during their lifetime, and the defendant has acquired all such rights and estate vested in them which they were empowered to convey.

The chancellor was of opinion, and so decreed, that the word "heirs," in the clause of the will "then to go to my heirs equally," was used by the testatrix to mean children, so that the four children were vested with the remainder estate upon the death of the testatrix; the grandchildren taking nothing under the will. He therefore decreed that the defendant has a good title by conveyance from the four children of the testatrix.

The contrary construction, for which complainants contend, can be reached only upon the theory that the testatrix intended to postpone the vesting of the remainder estate until the death of the life tenant, and then to vest it in those persons who should at that time constitute her heirs at law, as in *Forrest* v. *Porch,* 100 Tenn., 391, 45 S. W., 676. The will there construed, directed that at the death of the life tenant "the said land is to be divided between my heirs at law." The court held: "The remainder was contingent, because the testator obviously intended the land to be divided at the death of his widow (the life tenant) among such persons as should then sustain to him the relation of heirs at law." While it is not clear, we think the testamentary intention to postpone the time of the vesting of the remainder estate was inferred by the court from the use and significance of the word "divided;" a word importing the disposition of the land itself rather than the intangible title to the land.

The presumption of law is against the intention to postpone the vesting of an estate devised, if the language of the will leaves the question in doubt. *Maynor* v. *Vaughn,* 159 Tenn., 281, 17 S. W. (2d), 910; *Bigley* v. *Watson,* 98 Tenn., 353, 359, 39 S. W., 525, 38 L. R. A., 679.

In the clause under construction, the devise in remainder is to the heirs of the testatrix "or their heirs or assigns." The quoted words are words of limitation, indicating a vesting of title in the heirs of the testatrix living at the date of her death. The words "or assigns" import a taking or vesting of title which might be assigned or conveyed in the lifetime of the life tenant, and such intention is altogether inconsistent with an intention to postpone the vesting of title until the death of the life tenant.

Following the opinion in *Maynor* v. *Vaughn, supra,* and the authorities cited therein, the reference to the death of the life tenant and the direction that the land was "then to go to my heirs equally" must be construed as referring only to the determination of the possession or enjoyment under the prior devise, and not as designed to postpone the vesting of the remainder.

Under this construction of the will it is not material to decide whether, as intimated in *Robinson* v. *Blankenship,* 116 Tenn., 394, 92 S. W., 854, the four children of the testatrix, as her heirs, took an estate in reversion by inheritance, instead of the vested remainder devised to them. In either event, they were possessed of an estate which passed by conveyance from them to the defendant.

The decree of the chancellor, dismissing the bill, is affirmed.