First Nat. Bank of Springfield *et al. v.* Pointer *et al.*

(*Nashville,* December Term, 1938.)

Opinion filed April 1, 1939.

Dorsey & Sprouse, of Springfield, for complainants.

J. F. Eggleston and E. W. Eggleston, both of Franklin, for defendants.

Tyler Berry, Jr., of Franklin, guardian *ad litem* for Kittie Pointer.

Earl Beasley, of Franklin, guardian *ad litem* for Ruth Faw Pointer.

Mr. Special Justice Edward J. Smith delivered the opinion of the Court.

Appellants, who are creditors of the estate of Henry Pointer, Jr., deceased, seek to subject to levy and ex-

ecution interests, alleged to be vested, devised and bequeathed to him by the will of his father, Henry Pointer, Sr., which was executed on January 10, 1914, and admitted to probate in the county court of Williamson County on January 19, 1914.

Items 1, 2, 3, and 4 of the will provide:

"Item 1st. I hereby will, devise and bequeath to my beloved wife, Letitia Pointer, all property of every kind, character and description of which I may die seised and possessed, in trust for the following uses and purposes.

"2nd. To pay to the Williamson County Banking & Trust Company, trustee, as soon after my death as practicable, the sum of $10,000.00, to be held by said Williamson County Banking & Trust Co., in trust for my son, Henry Pointer, Jr., until he becomes of lawful age, when said legacy shall be paid over to him; and to said Williamson County Banking & Trust Co., trustee, $10,-000.00 for my son, Thomas Pointer, to be held by said Trustee until he becomes of lawful age, when said legacy shall be paid over to him; and $10,000.00 to said Williamson County Banking & Trust Co., trustee, for my daughter, Kittie Pointer, to be held by said trustee, or its successors in trust, for my said daughter during her natural life, and at her death, should she leave a child or children, said legacy shall pass to such child or children, the representatives of any deceased child or children taking the share it or their parent would have taken if living, at the death of my said daughter. Should my said daughter, Kittie, die leaving no child or children, then said legacy shall pass to her brothers, or their representatives, according to the laws of descent and distribution.

"3rd. All the rest and residue of the estate which I

have hereinabove given to my wife in trust, she shall hold for her own use and benefit for and during her natural life, and at her death, the same shall be equally divided between my three children above named, should they be living at the death of my said wife, should one or more of my said children predecease my said wife, leaving a child or children, then the share or shares which would have passed to such child or children under this will shall pass to the child or children of such decedent.

"4th. The share of my daughter, Kittie, in the estate hereinabove given to my wife for life, at the death of my said wife, shall pass to the Williamson County Banking & Trust Co., trustee, to be held by such trustee subject to the limitations and restrictions imposed upon the legacy of $10,000.00 hereinbefore provided for my said daughter, and at her death, shall pass in all respects as said $10,000.00 legacy passes under the provisions of this will."

On June 24, 1935, Henry Pointer, Jr., died intestate, unmarried, and childless, leaving his mother, Mrs. Letitia Pointer, his brother, Thomas Pointer, and his sister, Kittie Pointer, surviving him.

His administrator suggested the insolvency of the estate, and the creditors have been paid about thirty percent of their claims.

After the personal estate was exhausted, the administrator refused to file a suit to reach the interests acquired by Henry Pointer, Jr., under the will on the ground that in his opinion these interests were contingent, and not subject to the claims of his creditors.

The complainants allege that such interests are vested, and liable to levy and execution to satisfy their claims,

and accordingly they pray that the relevant parts of the will be construed as follows:

1. That immediately upon the death of the testator, Henry Pointer, Jr., became vested with an undivided one-half interest in the legacy of $10,000, bequeathed in trust for Kittie Pointer for life, subject to be defeated only on a child or children being born to and surviving her.

2. That the one-third interest in the residuary estate devised to the trustee for Kitty Pointer became vested in Henry Pointer, Jr., and Thomas Pointer, subject to the life estates of Mrs. Letitia Pointer and Kitty Pointer, to be divested only on a child or children being born to and surviving Kitty Pointer.

3. That the testator died intestate as to the one-third interest in the residuary estate devised to Henry Pointer, Jr., should he survive his mother, or predeceasing her should leave a child or children him surviving, and that Henry Pointer, Jr., Thomas Pointer, and Kitty Pointer inherited such one-third interest from their father, and became vested therewith as his sole and only children and heirs at law; or else Henry Pointer, Jr., took a vested interest in one-third of the residuary estate, subject to the life estate of his mother, and that he died vested therewith. After a hearing in the court below, on the bill, demurrers, and the answer of the administrator, the chancellor, being of the opinion that the interests acquired by Henry Pointer, Jr., under the will were contingent, and not subject to the claims of his creditors, dismissed the bill, and the complainants prayed and perfected an appeal to this court.

(1) That remainders may be created in personal property, not consumable in the use, has long been settled. *Hughes* v. *Cannon*, 21 Tenn. (2 Humph.), 589, 596;

*Wall* v. *Ward,* 32 Tenn. (2 Swan), 648, 653; *Caines* v. *Marley,* 10 Tenn. (2 Yerg.), 582; *Cains* v. *Jones,* 13 Tenn. (5 Yerg.), 249; *Johnson* v. *Mitchell,* 20 Tenn. (1 Humph.), 168; *Hallum* v. *Yourie,* 33 Tenn. (1 Sneed), 369; *Payne* v. *Lassiter,* 18 Tenn. (10 Yerg.), 507, 510; *Innes* v. *Potter,* 130 Minn., 320, 324, 153 N. W., 604, 3 A. L. R., 896; 2 Kent's Commentaries (12 Ed., 1873), star pages 352, 353; 1 Jarman on Wills (6 Ed.), top page 849, note 1, written by Bigelow, the American editor; 23 R. C. L., title Remainders, section 16, 2 Page on Wills (2 Ed., 1926), section 1017; and especially *Boal* v. *Metropolitan Museum of Art,* 2 Cir., 298 F., 894, 903.

 In 69 Corpus Juris, title Wills, section 1661 (5), it is said:

"At the early common law a testator could not create an interest by way of remainder in personal property; but it is now well settled that an interest in personal property analogous to a remainder may be created by a bequest of such property after a gift of a life estate therein, and a testamentary provision should be given effect as creating such a quasi-remainder whenever by express words or necessary implication such appears to have been the intention of the testator. Money, as well as other personal property, is within the application of this rule."

 The fact that Kitty Pointer, who is about thirty-five years of age, and unmarried, has been for some years, a patient at Central State Hospital, located near Nashville, Tennessee, is of no legal significance, as it is a well established rule of law that the possibility of a woman having children is not extinguished until her death. *Bigley* v. *Watson,* 98 Tenn., 353, 39 S. W., 525, 38 L. R. A., 679; *Jordan* v. *Jordan,* 145 Tenn., 378, 239 S. W., 423.

■ By item 2 of the will, it is provided that the $10,000 legacy shall be held by the trustee for the use and benefit of Kitty Pointer for life and at her death the same is bequeathed to any child or children who may be born to and survive her, and in default of such child or children to Henry Pointer, Jr., and Thomas Pointer, or their next of kin.

As the ultimate bequest to them is expressly made subject to a condition precedent, it is a contingent interest.

■ In Gray Rule Against Perpetuities (3 Ed., 1915), Section 108 (3), page 85, it is said:

"If the conditional element is incorporated into the description of, or into the gift to the remainder-man, then the remainder is contingent; but if after words giving a vested interest, a clause is added divesting it, the remainder is vested."

■ An interest is contingent and not vested whenever the persons who are to enjoy the remainder are to be ascertained at the time the preceding estate fails, and are not ascertained at the time the preceding estate and the remainder estate are created. *Rinks* v. *Gordon*, 160 Tenn., 345, 349, 24 S. W. (2d), 896.

■ (2) By item 3, the residuary estate, subject to the life estate of Mrs. Letitia Pointer, is devised equally to Henry Pointer, Jr., Thomas Pointer and Kitty Pointer, with a direction, contained in item 4, that the one-third interest of Kitty Pointer shall be held by the named trustee for her use and benefit for life, and at her death shall pass to any child or children who may be born to and survive her, and in default of such child or children to Henry Pointer, Jr., and Thomas Pointer, or their heirs at law.

These limitations created alternative contingent remainders, or contingent remainders with a double aspect.

In 4 Kent's Commentaries (12 Ed., 1873), star pages 200, 201, such remainders are thus defined:

"If the prior fee be contingent, a remainder may be created to vest, in the event of the first estate never taking effect, though it would not be good as a remainder, if it was to succeed instead of being collateral to the contingent fee. Thus a limitation to A for life, remainder to his issue in fee, and in default of such issue remainder to B, the remainder to B is good as being collateral to the contingent fee in the issue. It is not a fee mounted upon a fee, but it is a contingent remainder with a double aspect or on a double contingency."

In 1 Tiffany on Real Property (2 Ed., 1920), Section 142, it is said:

"Several estates in fee simple, or of a lesser quantum, may, at common law, be limited in the alternative by way of contingent remainder after one particular estate, in such a way that one may take effect if another does not. Such remainders are sometimes known as 'alternative remainders,' and sometimes as 'remainders on a contingency with a double aspect.' As an illustration of such remainders, may be suggested the case of a limitation to A for life, and after A's death, if he have children, to them in fee simple, and if he have no children, then to B in fee simple. In such case, in one alternative the remainder in favor of the children vests, and in the other alternative the remainder in favor of B vests."

See, also, 2 Washburn on Real Property (6 Ed., 1902), Sections 1575, 1576.

Applying the rule laid down by the authorities above

cited, the interest devised to Henry Pointer, Jr., after the death of his sister, Kitty Pointer, without leaving children her surviving was a contingent, and not a vested, remainder.

(3) By item 3, after a devise to Mrs. Letitia Pointer of a life estate in the residuary estate, a one-third interest thereof was devised to Henry Pointer, Jr., if he should survive his mother, but if he should predecease her, leaving a child or children him surviving such interest was devised to such child or children.

These limitations created alternative contingent remainders, the first in Henry Pointer, Jr., and the second in any child or children who might be born to and survive him.

See same authorities cited in (2) above.

As Henry Pointer, Jr., predeceased his mother without leaving a child or children him surviving, the alternative contingent remainders failed, in both aspects, to take effect, with the result that the one-third interest passed, as in a case of intestacy, by operation of law, to Henry Pointer, Jr., Thomas Pointer, and Kitty Pointer, as the sole heirs at law of Henry Pointer, Sr., each taking a one-ninth interest thereof, as it is settled law, that the inheritance, if not disposed of by the will, passes by operation of law to the heirs, pending the determination of a contingency upon which a future estate is made to depend. *Clopton* v. *Clopton,* 49 Tenn. (2 Heisk.), 31; *Bigley* v. *Watson,* 98 Tenn., 353, 39 S. W., 525, 38 L. R. A., 679; *Ryan* v. *Monaghan,* 99 Tenn., 338, 42 S. W., 144; 4 Kent's Commentaries (12 Ed., 1873), star page 257; Gray Rule Against Perpetuities (3 Ed., 1915), page 6, note 1. The chancellor correctly held that the interest of Henry Pointer, Jr., in the $10,000 legacy be-

queathed to Kitty Pointer for life, and his interest as a remainderman in the one-third of the residuary estate devised to Kitty Pointer for life, under the limitations above stated, were contingent and not subject to the claims of his creditors. *Nichols* v. *Guthrie,* 109 Tenn., 535, 541, 73 S. W., 107.

He erred, however, in holding that the one-ninth interest which passed by descent to Henry Pointer, Jr., as one of the three heirs at law of Henry Pointer, Sr., was not subject to levy and execution to satisfy the claims of his creditors. *Kelly* v. *Morgan,* 11 Tenn. (3 Yerg.), 437; *Wiley* v. *Bridgman,* 38 Tenn. (1 Head), 68, 69; *Kissom* v. *Nelson,* 49 Tenn. (2 Heisk.), 4, 9.

As thus modified, the decree is affirmed and the cause remanded to the court below for further proceedings in conformity with this opinion.

The cost of the appeal will be paid two-thirds by the appellants, and one-third by the appellees.