FELTS *et al. v.* FELTS *et al.*

(*Nashville,* December Term, 1948.)

Opinion filed April 30, 1949.

Lowe Watkins of Nashville, and Jake A. O'Brien, O'Brien Price, and Lynn B. Freeman, all of Springfield, for appellants.

Charles Willett, of Springfield, for Paul Felts.

John R. Long, Jr., of Springfield, for Marjorie Easley et al.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal necessitates the construction of the following clause of the will of T. L. Felts, which was probated in Robertson County in 1919, shortly after the death of the testator:

"I Will and bequeath, my Entire Estate both real & Personal, to my Wife her life time my Debts all being paid, At the death of my Wife Sarah. Felts, I then direct that my two daughters Birtie Felts & Bell Felts Shall have my Entire Estate both personal and Real So long as they Remain Single or. their life time should they never mary at the death of Either of them the Surviving one shall have the use of the Entire Estate her life time or. as long as she remains single, and at the death or marriage of My Daughter Birtie or Bell Felts *then my Estate shall be divided Equally between my lawful heir.*"

The widow, Sarah Felts, two daughters, Birtie Felts, and Bell Felts, and three sons, W. E. Felts, R. L. Felts and Paul Felts, survived the testator. In accordance with the will, the widow and daughters took successive life estates until the death of the last daughter, Birtie Felts, in 1948. Neither daughter had any children. A chrono-

logical summary of family history is as follows: In 1921 the testator's son, R. L. Felts, sold and undertook to convey his interest in his father's lands to W. E. Felts and Paul Felts, brothers of R. L. Felts, and sons of the testator. The consideration for the conveyance was $1,000. In 1922 the testator's daughter, Bell Felts, married, and in 1942 she died intestate, leaving no children. In 1936 the son, R. L. Felts, died intestate, leaving four children, all of whom were living at the time the bill was filed. In 1948, the second daughter, Birtie Felts, never having married, died intestate.

With the death of Birtie Felts in 1948, provisions of the will with regard to life estates for the widow and daughters were fulfilled, and the only clause which has caused controversy and which must now be construed and effectuated is that part of Item 2 of the will as follows:

"Then my estate shall be divided equally between my lawful heir."

■ We agree with the Chancellor that our construction of the meaning and effect of this clause is controlled by *Forrest* v. *Porch*, 100 Tenn. 391, 45 S. W. 676, where a substantially identical clause, "at her death (the life tenant) the said land is to be divided between my heirs at law," was held (1) to create a contingent remainder and to postpone the vesting of the estate until the death of the life tenant, when it was held to vest in those heirs of the testator then living, and (2) to compel division *"per stirpes,"* and not *"per capita."*

In the will before us, use of the word "divided" necessitates the insertion of the plural "lawful heirs," and as the Court said in *Forrest* v. *Porch, supra:*

"The remainder was contingent, because the testator obviously intended the land to be divided at the death of

his widow among such persons as should then sustain to him the relation of heirs at law. The remainder-men are to be ascertained, not at his death, but at the death of his widow, the life tenant; and they are to be such persons as would at that time be his heirs at law." 100 Tenn. at pages 392-393, 45 S. W. at page 676.

Commenting on the construction reached in *Forrest* v. *Porch, supra,* Judge Swiggart said in *Taylor* v. *Dickerson,* 167 Tenn. 121, at 123, 67 S. W. (2d) 137:

". . . we think the testamentary intention to postpone the time of the vesting of the remainder estate was inferred by the court from the use and significance of the word 'divided'; a word importing the disposition of the land itself rather than the intangible title to the land."

There is here no difference in meaning between "lawful heirs" and "heirs at law," and the word "equally" is surplusage in this sentence, because equal division would be presumed unless a different intention was expressed. Equal division was ordered in *Forrest* v. *Porch, supra,* without the use of the word "equal" or its equivalent.

Where the residue was bequeathed to testator's heirs at law, such heirs, to share equally, they took *per stirpes. Allen* v. *Boardman,* 193 Mass. 284, 79 N. E. 260, 261; 118 Am. St. Rep. 497; *McClench* v. *Waldron,* 204 Mass. 554, 91 N. E. 126, 127.

In 1921, the son, R. L. Felts, undertook to sell and convey his interest in his father's lands to his two brothers. In 1936, he died intestate, leaving four children, all of whom are living and parties to this suit. Had he survived the termination of the life estate, the rule stated and followed in *Hobson* v. *Hobson,* 184 Tenn. 484, 493, 201 S. W. (2d) 659, would raise an estoppel, but since

the children of R. L. Felts inherit as heirs of their grandfather, "and only by representation through their father," *Johnson* v. *Breeding,* 136 Tenn. 528, 190 S. W. 545, L. R. A. 1917C, 266; *Rinks* v. *Gordon,* 160 Tenn. 345, 24 S. W. (2d) 896, the attempted sale by their father raises no estoppel against them.

Shortly prior to the filing of the bill, the son, W. E. Felts, conveyed his interest to his son, the complainant, Alton Felts, giving the complainant individually, one-half of his interest, and as trustee, one-half interest for his sister, Elsa Felts Binkley.

Accordingly, we hold with the Chancellor, that the ownership of the property is as follows: Defendant Paul Felts owns a 1/3 undivided share. The children of R. L. Felts own a 1/3 undivided share, taking *per stirpes* by representation through their father, but as heirs of their grandfather, the testator. The complainant, Alton Felts, owns individually an undivided 1/6, and as trustee for his sister, Elsa Felts Binkley, an undivided 1/6 interest.

The scholarly brief of the appellants sets out several interesting alternative constructions, which would be persuasive if we did not find with the Chancellor, that the construction of the controverted clause of the will here is controlled by *Forrest* v. *Porch, supra,* and *Hobson* v. *Hobson, supra.*. We think those decisions have settled Tennessee law as it is to be here applied, and that they are binding on us.

The decree of the Chancellor so holding, is affirmed at appellants' cost, and the case is remanded for further steps consistent with this opinion.

All concur.