THIRD NAT. BANK IN NASHVILLE *v.* HARRISON *et al.*

(*Nashville*, December Term, 1952.)

Opinion filed March 6, 1953.

H. B. STOUT and CHARLES V. RUNYON, both of Clarksville, and CECIL SIMS, of Nashville, for appellants Will K. Harrison and Earl A. Harrison.

CHARLES L. CORNELIUS and W. OVID COLLINS, JR., both of Nashville, for appellee Third Nat. Bank in Nashville, trustee.

K. HARLAN DODSON, JR., of Nashville, for appellee Laurin Bryan Askew, III.

COLLIER GOODLETT, of Clarksville, for appellees J. Couts Askew, J. C. Askew, Jr., Laurin Barker Askew, Barbara

Askew Haynes, Peter Askew, Anne Askew Tidwell, Will Logan Askew and the unborn heirs of J. C. Askew.

Mr. Justice Prewitt delivered the opinion of the Court.

The bill was filed by the trustee under the will of L. B. Askew, Sr., to secure a construction of his will. The Chancellor decreed that the three sons took a remainder interest contingent upon the testator's widow dying without ever having remarried and also contingent upon their surviving the life tenant.

The only controversy arises over the construction to be placed upon the second paragraph of Item 2 of the will, said Item 2 reading as follows:

"2. I will and bequeath to my beloved and devoted wife, Florence Askew, the income from my entire estate both real and personal to be paid her during her life provided she remain unmarried. If she should marry again, then the income from my entire estate shall at once and thereafter be divided equally between my wife, my three sons, L. B. Askew, Jr., John Couts Askew and Harley L. Askew, during their lives and at their death to their legal heirs.

"If, however, my wife should remain unmarried until her death, then at her death the income of my entire estate shall be divided equally between my three sons, L. B. Askew, Jr., John Couts Askew, and Harley L. Askew, or their heirs."

The Chancellor found that it was the intent of the testator to provide for his widow during her lifetime the full benefits of the income from his estate so long as she remained unmarried and if she was unmarried at the time of her death, then his entire estate was to vest in those of his sons who were then living and the heirs of the sons who were deceased.

The will was written on October 15, 1913 and was probated on November 17, 1927. The widow died on August 26, 1951 without ever having remarried.

On the date of his death in 1927, L. B. Askew, Sr., was survived by his wife, Florence Askew, and three sons, L. B. Askew, Jr., John Couts Askew, and Harley L. Askew, as his only heirs and distributees at law in the event of intestacy as to any of his property; that the testator's widow, Florence Askew, died in Montgomery County on August 26, 1951, without ever having remarried; that L. B. Askew, Jr., died intestate in 1933, leaving surviving him as his only heir at law and distributee the defendant, Laurin Bryan Askew III; that Harley L. Askew died on

July 10, 1937, leaving a widow, Norine H. Askew, who was the sole beneficiary under his will, which was duly probated in the County Court of Montgomery County, Tennessee; that Harley L. Askew did not have any children; that Norine H. Askew died testate on March 25, 1942, and by her will devised her entire estate to her aunt, Miss May King, her mother, Mrs. Sallie Harrison, and her husband, Harley L. Askew, in equal shares, except her personal clothing and jewelry, which she gave to her sister, Louise H. Cameron; that the husband, Harley L. Askew, and the mother of Norine H. Askew predeceased her, hence the devises to them in her will lapsed; that subsequently, sometime in May, 1945, Miss May King died in Montgomery County, leaving a will which was duly probated in the County Court of said county and by the terms of this will, she devised her entire estate to the defendants, Will K. Harrison and Earl A. Harrison; and that defendant, J. Couts Askew, was the only son of L. B. Askew who was living at the time of the death of his mother, Florence Askew, on August 26, 1951, and the defendants, J. C. Askew, Jr., Laurin Barker Askew, Barbara Askew Haynes, Peter Askew, Anne Askew and Will Logan Askew, all of whom are more than twenty-one years of age, are the children and sole heirs of J. C. Askew.

We are of the opinion that it was the purpose of the testator by the terms of his will to provide for his widow during her lifetime the full benefits of his entire estate so long as she remained unmarried and if she was unmarried at the time of her death, then his entire estate was to vest in those of his sons who were then living and the heirs of the sons who were deceased. On the death of the life tenant, Florence Askew, the surviving son of the testator, J. Couts Askew, became vested with a remainder

interest in one-third of the trust estate as the son who survived the life tenant; Laurin Bryan Askew III became vested with a remainder interest in one-third of the trust estate which he inherited from the testator through his father as the sole surviving heir of a deceased son; and J. Couts Askew and Laurin Bryan Askew III jointly became vested with a remainder interest in the one-third of the trust estate which Harley L. Askew would have been entitled to receive had he survived the life tenant, and that now J. Couts Askew and the defendant Laurin B. Askew III as tenants in common each own a one-half interest in this property.

The above conclusion was strongly indicated by this Court in a former opinion in the case of *U. S. Fidelity & Guarantee Co.* v. *Askew,* 183 Tenn. 209, 191 S. W. (2d) 533, in which this same will was before the Court. The Court there stated that no disposition could be made of the corpus of the estate until the death of the widow and that what disposition should then be made depended upon whether the widow had remarried.

The remainder estate devised by the second paragraph of Item 2 of the will was contingent and could not vest in the three sons upon the death of the testator.

In *Felts* v. *Felts,* 188 Tenn. 404, 219 S. W. (2d) 903, 904, the Court, quoting from *Forrest* v. *Porch,* 100 Tenn. 391, 45 S. W. 676, said:

"The remainder was contingent, because the testator obviously intended the land to be divided at the death of his widow among such persons as should then sustain to him the relation of heirs at law. The remainder-men are to be ascertained, not at his death, but at the death of his widow, the life tenant; and they are to be such persons as would at that time be his heirs at law."

See *Taylor* v. *Dickerson,* 167 Tenn. 121, 67 S. W. (2d) 137.

It results that we find no error in the decree of the Chancellor and it is affirmed.

TOMLINSON, Justice, not participating.