First National Bank of Loudon, Tennessee, Appellee,

*v.*

Oscar V. Watkins et al., Appellant.

396 S.W.2d 342.

(*Knoxville,* September Term, 1965.)

Opinion filed November 19, 1965.

Edwin Harrison Arnold, Loudon, for appellant.

Arthur M. Fowler, Loudon, for appellee, Fowler & Gibson, Loudon, of counsel.

Mr. Justice Dyer delivered the opinion of the Court.

This case involves the determination of whether a remainder interest, under a will, is contingent or vested. The cause heard by the Chancellor, upon the pleadings and stipulations of facts, is here by allowance of a discretionary appeal.

The testator, J. B. McKelvey, executed his will in May 1925 and died later the same year. The testator was survived by, among others, his widow, Hettie McKelvey, and a daughter, Dena McTeer. Dena McTeer had a daughter, Wilma McTeer Watkins, who was born in 1913 and died, intestate, in 1962 survived by a son. Dena McTeer, born in 1884, is now living. The issue is what interest, if any, did Wilma McTeer Watkins take in a certain farm under the will of her grandfather, J. B. McKelvey. The pertinent parts of the will are as follows:

## II

Subject to the charges and conditions hereinafter set out, I hereby will, devise and bequeath unto Dena McTeer during her natural life, and at her death the remainder to the heirs of the said Dena McTeer, the following described lands:

(Description of land)

It is my will that neither the life tenant, Dena McTeer, nor the remaindermen, the heirs of said Dena McTeer, shall mortgage, encumber, or dispose of said property during their natural lives, or to permit the same to be levied upon for any purpose, and should they encumber, or dispose of the same, or permit the same to be levied upon, then upon such event or events I will that said property shall revert to my heirs at law.

## VII

I direct that Dena McTeer and her heirs, being the parties named as devisees under sections two and three above, that they harvest and deliver to the barn and crib of the said Hettie McKelvey each year during the life of the said Hettie McKelvey, or so long as she remains my widow, the following:

(corn, wheat, hay, etc.)

## X

Wherever the word heirs is used in this will it is my intention that upon the death of any heir leaving children that such child or children shall represent such deceased heir.

■ We construe this will under the well settled rule of construction that the intention of the testator shall control so long as that intention is not in conflict with some positive rule of law. Under this will it is clear the testator intended those who would take in remainder would be the heirs of the life tenant (Dena McTeer). In view of this fact we think this case, on the point here at issue, is controlled by the following cases.

In *Burton v. Kinney,* 191 Tenn. 1, 231 S.W.2d 356, 19 A.L.R.2d 366 (1950) this Court said:

> In 23 R.C.L., Section 95, page 551, it is said: ''A remainder to the heirs of the life tenant is generally a contingent remainder, for, there being no heirs to a living person, until the termination of the life estate no one can claim as the heir of the life tenant.'' To the same effect Thompson on Real Property, Vol. 4, Section 2214, says: ''We have said that every remainder requires a particular estate to support it, and that a contingent remainder must vest during the continuance of the particular estate, or eo instante that it determines. Unless a contingent remainder becomes vested on or before the determination of the preceding vested estate, it can never come into possession, it has perished.'' The rule of law thus stated is supported by the great weight of authority. 191 Tenn. 6, 231 S.W.2d 358.

In *First National Bank of Springfield v. Pointer,* 174 Tenn. 472, 126 S.W.2d 335 (1939) this court citing *Rinks v. Gordon,* 160 Tenn. 345, 24 S.W.2d 896 (1930) said:

> An interest is contingent and not vested whenever the persons who are to enjoy the remainder are to be ascertained at the time the preceding estate fails, and are not ascertained at the time the preceding estate and the remainder estate are created. 174 Tenn. 472, 126 S.W.2d 335.

We do not find any language in this will to indicate the word ''heirs'' is to be given any other meaning other than normally attached to its use in a will. The section in the will, directing certain crops from the land each year

be set aside to the widow, is no more than a lien in favor of the widow during her life or widow-hood. This would be true whether possession be in the life tenant or in the heirs as remaindermen.

■ Since Wilma McTeer Watkins died during the life of the life tenant, then she never became an heir of the life tenant, and took no vested transmissible interest in this farm. The decree of the Chancellor finding the remainder interest in this farm vested in Wilma McTeer Watkins is reversed. The cause is remanded.