William H. FISHER, III, Administrator C.T.A. of the Estate of Susie P. Cooper, Deceased, Plaintiff,

v.

Donald A. MALMO, Executor of the Will of Arthur R. Porter, Jr., Deceased; Mignon D. Klippstatter, Mary G. Carlson, Christina D. Benson, Dennis R. Carlson, Jr., Dudley D. Benson, Christopher C. Carlson, and Dorothy P. Johnson, Defendants,

and

Donald A. MALMO, Executor of the Will of Arthur R. Porter, Jr., Deceased, Cross-Complainant-Appellee,

v.

Mignon D. KLIPPSTATTER, Mary G. Carlson, Christina D. Benson, Dennis R. Carlson, Jr., Dudley D. Benson, Christopher C. Carlson, Dorothy P. Johnson, and Laurie Lewis Johnson, Cross-Defendants-Appellants.

Court of Appeals of Tennessee, Western Section, at Jackson.

Feb. 9, 1983.

Application for Permission to Appeal Denied by Supreme Court April 4, 1983.

Henry M. Beaty, Jr., Memphis, for cross-defendants-appellants.

Allan J. Wade, Memphis, for cross-complainant-appellee.

CRAWFORD, Judge.

This is a will construction suit filed by the Administrator C.T.A. of the Estate of Susie Porter Cooper, deceased.[1] Mrs. Cooper executed the will on August 30, 1977, and she died on January 27, 1979. She was survived by each of the named individuals in her will. Her only surviving brother, Arthur R. Porter, Jr., died testate eight months later on September 21, 1979. The record does not reflect whether Mrs. Cooper was survived by any blood relatives of any degree other than those named in the will.

The pertinent provisions of Mrs. Cooper's will are as follows:

---

1. A cross-complaint filed to establish title to real estate is controlled by the decision in the original suit, and we will therefore not refer to it further.

After payment of my funeral expenses and just debts, I give, devise and bequeath to the following persons all of my property of which I may die possessed, as follows:

To Mignon Dunn Klippstatter my home located at 320 East Street, Memphis, Tennessee, together with vacant lot located next to same on the North side, also my piano located at 320 East St, Memphis, Tenn.

To Mary Grey Carlson, Sr., and Christina D. Benson, share and share alike brick building, together with parking lot, located at 296 East Street, Memphis, Tennessee.

To Dennis P. Carlson, Jr., Dudley D. Benson, and Chris Cooper Carlson, share and share alike, business building located 933, 935 Linden Avenue, Memphis, Tennessee.

To Dorothy P. Johnson lot and building located on the corner of East Street and Linden Avenue, Memphis, Tennessee.

To Dennis P. Carlson, Jr., Dudley D. Benson, and Chris Cooper Carlson, share and share alike all of capital stock registered in my name known as American Telegraph and Telephone Company, common and preferred.

To my attorney, Laurie L. Johnson, all capital stock known as Bethlehem Steel Company.

To my brother, Dr. Arthur R. Porter, all capital stock known as Schering-Plough Corporation.

All the rest and residue of my property, after my debts have been paid, to be divided equally among my surviving heirs.

I nominate my attorney, Laurie L. Johnson, to be executor of this my last my will and testament, to serve without bond.

... To Mignon Dunn Klippstatter, Mary Grey Carlson, Sr., and Christina D. Benson, share and share alike, all furnishings and personal property now located in my home at 320 East Street, Memphis, Tennessee.

The focus of the controversy in this case is the phrase "my surviving heirs" as used by Mrs. Cooper in the residuary clause (the 9th paragraph above) of her will. The executor of her surviving brother's estate contends that the word "heirs" should be given its technical and legal meaning, in which case Arthur R. Porter, Jr., would have been Mrs. Cooper's sole surviving heir under Tennessee's Intestate Succession Statute and the lone legatee and devisee under the residuary clause. This was the interpretation adopted by the Trial Court which held that the language of the disputed paragraph vested all rest and residue of Mrs. Cooper's estate in Arthur R. Porter, Jr.

The appellants are all the named beneficiaries under Mrs. Cooper's will except Arthur R. Porter, Jr., L.L. Johnson and Dorothy Johnson.[2] They contend that they are second and third cousins of Mrs. Cooper and that Mrs. Cooper intended to include them along with her brother Arthur as legatees and devisees under the residuary clause.

Arthur R. Porter, Jr., was a retired physician and was the brother of Mrs. Cooper, a widow without children. He was her closest blood relative, and Mrs. Cooper had great love and affection for him as well as for her second and third cousins. Her brother was in her home a great deal of the time, and they had a very close relationship, although there is some indication that Mrs. Cooper would become upset with him from time to time.

■ As a preliminary matter, we will address the propriety of the introduction of certain testimony through the deposition of the will's draftsman. Mrs. Cooper's will was prepared by her attorney, L.L. Johnson, and his testimony was introduced by appellants from a discovery deposition. The court overruled the executor's objection to the testimony of Johnson, and we feel that Johnson's testimony—with the exception of his opinion regarding the intention of the

2. Laurie L. Johnson and Dorothy Johnson are not related by blood, and no claim is made by them to the residual estate.

testatrix—was properly admitted. *See Nichols v. Todd,* 20 Tenn.App. 564, 101 S.W.2d 486 (1936).

■ This case was tried by the court without a jury, and, therefore, the review of this court is *de novo* with a presumption of correctness of the findings of fact by the trial court. Absent error of law, the judgment of the trial court must be sustained unless the evidence preponderates against it. T.R.A.P. 13 (d). We do not believe that the evidence preponderates against the trial court's holding that the language of the residuary paragraph vested all the rest and residue of Mrs. Cooper's estate in her brother, Arthur R. Porter, Jr.

■ The cardinal rule in construction of all wills is that the court shall seek to discover the intention of the testator and give effect to it unless it contravenes some rule of law or public policy. The testator's intention is to be ascertained from the particular words used in the will itself, from the context in which those words are used, and from the general scope and purposes of the will, read in the light of the surrounding and attending circumstances. *Moore v. Neely,* 212 Tenn. 496, 502–503, 370 S.W.2d 537, 540 (1963); *Third National Bank of Nashville v. First National Bank of Nashville,* 596 S.W.2d 824, 828 (Tenn.1980). In applying this cardinal rule, it is necessary to look to the entire will, and the testatrix's intention must be determined from what she has written, not from what it is supposed she intended. *Burdick v. Gilpin,* 205 Tenn. 94, 103, 325 S.W.2d 547, 551 (1959); *see First American National Bank v. De-Witt,* 511 S.W.2d 698, 706 (Tenn.Ct.App. 1972).

■ Generally, if a will has been drafted by an attorney, technical words should be given a technical meaning unless the intention of the testator is clearly to the contrary. *See Fariss v. Bry-Block Co.,* 208 Tenn. 482, 488, 346 S.W.2d 705, 707 (1961).

In *Burton v. Kinney,* 191 Tenn. 1, 231 S.W.2d 356 (1950), a question was raised concerning the meaning of the word "heirs" in a holographic will drafted by a lawyer. The Supreme Court held that the technical meaning would be applied and stated:

We cannot overlook the fact that Mr. Kinney, being the able lawyer that he was, knew the meaning of the word "heirs" and that the legal effect of its use, that is that a living person has no heirs, that his "wife's heirs" could not and would not be determined until her death.

... [C]omplainants point to no fact or circumstance that would tend to show that the testator did not use the word "heirs" otherwise than in a technical sense. The court is well warranted in holding that where a lawyer writes his own will and uses technical words in declaring his intention they must be given a technical meaning.

*Id.* at 6–7, 231 S.W.2d at 358. Thus, in any case where a will has been drafted by an attorney, technical words should be given their technical meaning, unless the testatrix's intention, as determined by the considerations noted by the court in *Moore v. Neely, supra,* is clearly to the contrary. Mrs. Cooper's will was drafted by an attorney, and should therefore be governed by the rule of *Fariss v. Bry-Block Co., supra,* because the reasoning of the court in *Burton v. Kinney, supra,* should apply with equal force where the attorney is acting in a professional capacity.

■ In Tennessee, the legal meaning of the word "heirs" is the class of persons upon whom descent is cast by the statute of descent. *Patterson v. Alexander,* 509 S.W.2d 834, 835 (Tenn.1974). Tennessee's statute of descent governing intestate succession states:

The part of the intestate estate not passing to the surviving spouse under § 31–203 or the entire intestate estate if there is no surviving spouse passes as follows:

\*     \*     \*     \*     \*     \*

(3) If there is no surviving issue or parent, to the brothers and sisters and the issue of each deceased brother and sister by representation; if there is no surviving brother or sister, the issue of brothers and sisters take by representation ...

Tenn.Code Ann. § 31–204 (Cum.Sup.1982). Mrs. Cooper was a childless widow who was survived by her brother, Arthur R. Porter, Jr. Technically, then, Arthur was her surviving "heir" and the legal recipient of her residual estate.

■ An examination of the will's language taken as a whole and considered in the proper context does not yield a contrary conclusion, nor do the attending and surrounding circumstances prevailing at the time of the will's drafting suggest a clearly different reading. While a valid argument can be made for the theory advanced by the appellants, we are persuaded that Mrs. Cooper would have specifically named her cousins as beneficiaries under the residuary clause had she intended for them to share in the residuary estate. This is especially true when we consider that she made express provisions for two nonrelatives in her will, and when there is no indication that her only blood relatives were those specifically named in her will. We feel that the evidence and the intention of the testatrix is very close, but that it fails to clearly establish an intention by the testatrix contrary to the technical meaning of the words used. *See Burton v. Kinney, supra,* 191 Tenn. at 6–7, 231 S.W.2d at 358.

We cannot say that the evidence preponderates against the findings and the decree of the lower court, and, therefore, the judgment of the Chancery Court is affirmed. The costs of the appeal are adjudged against the Administrator C.T.A. of Susie Porter Cooper, and are charged against the estate.

TOMLIN and HIGHERS, JJ., concur.