The Court held this case under advisement until this term, when their opinion was delivered by
Henderson, Judge:
I think in principle, this question was decided at the last term, in the case of Whitfield’s will, (4 Hawks 393,) for if “ heirs,” when applied to personal property, mean those who are called by law to succeed to the dead man_ they bring with them their representative and collective character — and however the property may be divided among themselves, as individuals composing a body, yet as to others, they are an unit, and make but one person, the representative of their ancestor or propositus; and so, whether they take by descent or purchase, it is de-signatio personae, not personarum. I refer to the reasons and authorities in the case of Stowe v. Ward, (ante 67) *11 decided at this term, to support this position throughout; in fact, the cases are, to my mind, precisely alike $ the only difference is, in that case it is real property; in this, it is personal: in either, however, the word “ heir” has the same meaning as to its representative and collective character. 1 am not aware of any authorities, except those cited, and attempted to be disposed of in the case of Whitfield’s will. That this construction meets the Testator’s wishes in this will, I have not a doubt. It is plain from the words, he intended a division by stocks or families — and he could not have used a more appropriate word than “ heirs of my daughter Priscilla,” to call them in as a stock or share. I must again express my regret for the decision in tiie case of White-hurst’s heirs — it cannot be supported.
The decree in this case must be reversed, and an account; taken of the money paid under it — and the property mentioned in the residuary clause of Howland Williams’ will, must he divided into five equal parts — one of which is decreed to each of the children of the testator, to wit, Pilgrim, Diana, Charity and Elizabeth, and one-half of the remaining fifth to Micajah Hicks, and the other half of said fifth, equally between Thomas Micks and Teakle Ricks, and for this purpose, the master will take an account.
There being in this case both bill of review, and a petition to rehear — the bill of review must be dismissed, but without costs — The loose practice in our Courts of Equity rendering it somewhat difficult to ascertain the propriety of using the one or the other — and these proceedings were commenced before the decision in the case of Jones and Zotticoffer, where the matter was very fully discussed and settled.
Decree set aside.