A. KIMBRO and WIFE, *v.* JOHN JOHNSTON, *et al.*

WILLS. *Legatees to take per capita. When.* Under a bequest to particular children and grand-children equally, the legatees will take *per capita,* in the absence of anything in the will showing a different intent.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

MALONE & WATSON for complainants.

JOHNSTON & FORD for defendants.

COOPER, J., delivered the opinion of the court.

On December 11, 1882, Appless Ford died in Shelby county, testate, and the defendant, Johnston, qualified as administrator of her estate with the will annexed. She left surviving as her heirs and distributees three daughters, A. E. Ford, Sallie Taylor

and A. F. McMullen, four granddaughters and one grandson, the children of Mary F. Rains, a deceased daughter, three grandsons and three granddaughters, the children of James N. Ford, a deceased son. The will of the testatrix is in the following words: "I make and publish this my last will and testament, hereby revoking all others made by me. I desire that my notes, consisting of $8,500, be divided equally between A. E. Ford, Sallie Taylor, Eleanor Malloy, Mary's daughters, James' daughters; my personal property be divided between Ada Rains and A. E. Ford." The bill is filed to obtain a construction of the first clause of the will disposing of the notes, there being no contest as to the second clause. And the question is whether the proceeds of the notes are to be divided between the legatees *per stirps* or *per capita.*

Eleanor Malloy, one of the legatees named, is the complainant, the wife of A. Kimbro, and is one of the two children, the other child being a boy, of A. F. McMullen, a living daughter of the testatrix. It is conceded that the legatees described as Mary's daughters in the bequest, are the children of Mary F. Rains, the deceased daughter of the testatrix, who also left one son; and that James' daughters are the children of James N. Ford, the deceased son of the testatrix, who also left three sons.

It is conceded by the learned counsel of the complainants that, by the English authorities, the legatees under the present bequest would take *per capita,* each of the daughters of Mary and James receiving an equal share with the other named legatees. But

the counsel thinks that the weight of American authority is otherwise. In this State, however, we have invariably followed the English rule of construction, in the absence of anything to show a different intent. *Ingram* v. *Smith,* 1 Head, 412; *Malone* v. *Majors,* 8. Hum., 577; *Seay* v. *Winston,* 7 Hum., 472; *Puryear* v. *Edmondson,* 4 Heis., 43; *Parrish* v. *Groomes,* 1 Tenn. Ch., 581; *Rogers* v. *Rogers,* 2 Head, 660; *Beasley* v. *Jenkins,* 2 Head, 191; *Rodgers* v. *Rodgers,* 6 Heis., 489. The will before us shows a selection by the testatrix of the objects of her bounty out of persons standing in the same relation to her with others of the same *stirps.* There is nothing, either in the will or the circumstances, to take the case out of the general rule.

The chancellor's decree will be affirmed. The appellants will pay the costs of this court. The costs below will be paid as directed by the chancellor.