## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## MIDDLE DIVISION.

---

HATTIE FARLEY *et al. v.* J. C. FARLEY *et al.*

(*Nashville.* December Term, 1908.)

1. **WILLS.** Speaks from testator's death, unless contrary is indicated.

A will speaks from the death of the testator, unless there is something on the face of it to indicate the contrary. (*Post, p.* 326.)

2. **SAME.** Heirs construed to mean children take per capita.

Where the word "heirs" can be construed to mean children, or where there are other words indicating individuals, under a devise to them, they will take *per capita*, and not *per stirpes*. (*Post, p.* 327.)

Cases cited and approved: Seay v. Winston, 7 Humph., 472; Petty v. Moore, 5 Sneed, 126; Ingram v. Smith, 1 Head, 411, 426, 427; Rogers v. Rogers, 2 Head, 660; Alexander v. Walch, 3 Head, 493; Puryear v. Edmondson, 4 Heisk., 43; Cowan v. Wells, 5 Lea, 683, 684; Kimbro v. Johnston, 15 Lea, 79; Franklin v. Franklin, 91 Tenn., 121; Boyd v. Robinson, 93 Tenn., 1; Smith v. Smith, 108 Tenn., 21-23.

Farley v. Farley.

**3. SAME. Devise to nephew and "heirs" of a deceased niece equally gives nephew a half interest, and such heirs a half interest per stirpes.**

A devise of land by a testatrix to her living named nephew and "heirs" of her deceased named niece equally gives an undivided half interest in the land to the nephew and an undivided half interest to the heirs of the niece *per stirpes*. The word "heirs" in such case must be taken in its ordinary technical signification, because it was impossible to foresee who would answer the description of heirs of the niece at the death of the testatrix.

Cases cited and approved: Ricks v. Williams, 16 N. C., 3; Balcom v. Haynes, 14 Allen, 204.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.—JOHN ALLISON, Chancellor.

A. G. EWING, for complainants.

C. D. BERRY and H. S. STOKES, for defendants.

MR. JUSTICE NEIL delivered the opinion of the Court.

The question before us arises on the construction of the will of Mrs. N. A. Fitzhugh.

Mrs. Fitzhugh devised to her niece Mrs. Mary Goodman certain real estate; to her niece and nephew by marriage, Cora Ann Cotton and Horace Lacton Fitzhugh, certain other real estate; to Jennie Hill (colored),

a faithful servant, certain other real estate for life, with the remainder to a university named in the will. Then follows the clause which stands for construction, viz.: "The remainder of my real estate, with the dwelling houses and outhouses, I give to James Osborne and heirs of Lucy Farley, equally."

James Osborne was a nephew, and Lucy Farley a niece. At the date of the execution of the will, Lucy Farley was dead, leaving six persons as her heirs at law. All who were then heirs at law of Lucy Farley are now before the court in the present case, except W. E. Farley, who subsequently died, and his widow and children are before the court.

The tract of land covered by this clause comprises about forty-two acres, worth about $1,500.

The chancellor held that James Osborne took an undivided half interest in the land, and that the heirs of Lucy Farley took the other half *per stirpes*. From this decree the complainants have appealed to this court, and assigned errors.

We are of the opinion that the decree of the chancellor was correct. It is true that at the time the will was made there were a definite number of persons who would answer the description of heirs at law of Lucy Farley; but the rule it that, unless there is something on the face of the will to indicate the contrary, it speaks from the death of the testator. It was impossible for the testatrix in the present case to foresee when she would die, or who would then answer the

description of heirs at law of Lucy Farley. We are of the opinion, therefore, that the word "heirs" in this case must be taken in its ordinary technical signification. In such cases the division under clauses like those we have before us must be *per stirpes.*

"A devise to the 'heirs' of a named person, whether the testator or another, is, ordinarily, in the absence of any expression showing a contrary intention, taken as a direction for a distribution *per stirpes.*" Page on Wills, sec. 556. "The presumption is always in favor of a division *per stirpes,* if the gift is to the heirs of two or more persons, or two persons and the heirs of others." 2 Underhill on Wills, p. 835, sec. 624. "In case of a devise to A., a living person, and also other heirs of B., who is deceased, . . . the division will be *per stirpes.*" Id. "Also, where the devise is to A., B., and C., and the heirs of D., equally." *Ricks* v. *Williams & Taylor,* 16 N. C., 3; *Balcom* v. *Haynes,* 14 Allen (Mass.), 204, cited in 2 Underhill on Wills, p. 835.

The rule is different in this State, where the word "heirs" can be construed as children, or where there are other words indicating individuals. Thus in *Smith* v. *Smith,* 108 Tenn., 21-23, 64 S. W., 483, 484, in construing the words, "After the death of my wife, I will and bequeath to my son Samuel F. Smith and his heirs equal shares in my home farm," and it appeared that Samuel Smith had several living children when his mother died, the court said it was clear the testator used the word "heirs" in the sense of "children." It

was so held in the cases of *Boyd* v. *Robinson,* 93 Tenn.,
1, 23 S. W., 72; *Franklin* v. *Franklin,* 91 Tenn., 121,
18 S. W., 61; *Cowan* v. *Wells,* 5 Lea, 683, 684; *Petty* v.
*Moore,* 5 Sneed, 126. In *Puryear* v. *Edmondson,* 4
Heisk., 43, it appeared that there had been a devise of
lands, to be sold after the termination of a life estate
and the proceeds "equally divided between my brother
John Winstead's children, and my nephew Koning,
and my sister Mason Wilson, and her children, all to
be made equal," and that there was a codicil that it be
equally divided between "the children of my brother
John Winstead, my nephew John Koning, sister Ma-
son Wilson, and the children of said Mason Wilson,
each one to have an equal share." It was held that
they took *per capita.* So, in the case of *Kimbro* v.
*Johnston,* 15 Lea, 79. In this case the language to be
construed was: "I desire that my notes, consisting of
$8,500, be equally divided between A. E. Ford, Sallie
Taylor, Eleanor Malloy, Mary's daughters and James'
daughters." A. E. Ford, Sallie Taylor, and Mary were
daughters of the testatrix, and James was his son.
Eleanor Malloy was daughter of another daughter, A.
F. Mullen; that is, she was a granddaughter. The ques-
tion to be decided was whether the division should be
equally between the legatees *per capita,* or whether it
should be *per stirpes.* The court held that it should
be divided *per capita.* In the case of *Rogers* v. *Rogers,*
2 Head, 660, the court, in construing a will that gave
to the wife of the testator the power to bequeath cer-

Farley v. Farley.

tain slaves to her children or grandchildren at her option, held, she having failed to make a will, that the children and grandchildren living at the death of the widow took the slaves *per capita,* not *per stirpes.* In *Alexander* v. *Walch,* 3 Head, 493, the court said: "If the bequest in a will of a remainder is as explicit as to the persons who are to take as if they were named, the remainder vests as it would have done if the parties had been named, and they do not take as a class." The will contained the following clause: "I give to my sister, Nancy, all my landed estate and negro man, named Abe, and a negro boy, named Stephen, during her natural life, then to be sold and equally divided amongst my sisters and brothers." It was held that the remainder vested, and the sisters and brothers did not take as a class. Other cases in point along the same line as the foregoing are *Seay* v. *Winston,* 7 Humph., 472, and *Ingram* v. *Smith,* 1 Head, 411, 426, 427. None of these cases, however, can apply to a clause such as the one we have before the court, where the persons to take under the technical term "heirs" at a future period— that is, at the death of the testatrix—were necessarily uncertain and unknown.

The result is that the decree of the chancellor will be affirmed, and the cause remanded for further proceedings.