CLAY BOWERS *et al. v.* JOHN D. MOORE *et al.*

(*Jackson.* April Term, 1917.)

**WILLS. Construction. Estates created.**

A will bequeathing to testator's son a "tract of land on which he resides during his natural life and at his death to his bodily heirs. Should his wife survive him it is my will she occupy and use the same as a homestead until his children are all of age for their maintenance"—is not consistent with the unit or class theory so that children of the life tenant who predeceased him nevertheless had an interest which passd to their children.

Cases cited and approved: Sanders v. Byron, 112 Tenn., 472; Tate v. Tate, 126 Tenn., 169; Davis v. Goforth, 69 Tenn., 31; McClung v. McMillan, 48 Tenn., 655.

---

FROM TIPTON.

---

Appeal from the Chancery Court of Tipton County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —COLIN P. MCKINNEY, Chancellor.

JOHN A. TIPTON and NAT TIPTON, for plaintiffs in error.

R. W. SANFORD and R. B. BAPTIST, for defendants in error.    -

Mr. Justice Williams delivered the opinion of the Court.

In this case there is involved the construction of the third clause of the will of W. A. Bowers, deceased. That clause reads:

"3rd. I give and bequeath to my son, Henry C. Bowers, the tract of land on which he resides [describing it] during his natural life, and at his death to his bodily heirs. Should his wife survive him it is my will she occupy and use the same as a homestead until his children are all of age for their maintenance; all unnecessary waste of time by her is hereby prohibited."

The construction of this clause is sought by complainants, Clay Bowers and Estelle (Bowers) Byers, son and daughter of Henry C. Bowers. The defendants are Moore and Clements, who had purchased and taken conveyances of their respective interests in the land from other children of Henry C. Bowers, who had, however, predeceased their father intestate and with issue.

The contention of the complainants in the bill and throughout the litigation is that since the children who were grantors of defendants died before their father, their deeds failed to convey any interest in the property; that the class doctrine has application; and that the complainants being the only children surviving at the death of Henry C. Bowers, they take as a class to the exclusion of the issue or

grantees of the children who died before the life tenant, Henry C. Bowers. Issue of such predeceasing children are still living.

The class doctrine has been comprehensively treated of in the comparatively recent cases of *Sanders* v. *Byrom*, 112 Tenn., 472, 79 S. W., 1028, and *Tate* v. *Tate*, 126 Tenn., 169, 148 S. W., 1042. As is pointed out in these cases this court, in order to satisfy the policy of the law in favor of the vesting of estates, has been solicitous "to find some provision in the deed or will to indicate that not a class but separate individuals were intended" to be the beneficiaries.

The chancellor and the court of civil appeals have ruled that such a provision is to be found in the clause above quoted, and that the class doctrine does not apply. These courts have followed the contention of the defendants that these words have the effect to dissipate the notion that a class, the children surviving at the death of the life tenant, was in the testator's mind. "Should his wife survive him it is my will that she occupy and use the same as a homestead until his children are all of age for their maintenance."

The argument is that this provision for the maintenance should be construed to relate to certain children, singling out those who should not be of age at the date of Henry C. Bower's death, and therefore it is not consistent with the unit or class notion.

We think that these words may fairly receive that construction, and that when so construed it is made manifest that the class doctrine is not applicable. The exclusion of a child or children dissipates the idea of unity involved in the doctrine of a future-determined class quite as effectually as does the designation of an individual child or children. "Anything that indicates an intention on the part of a testator that one or more individuals of the designated class shall enjoy a several interest is sufficient to give to all of the class a vested and transmissible estate." *Davis* v. *Goforth,* 1 Lea (69 Tenn.), 31; *McClung* v. *McMillan,* 1 Heisk. (48 Tenn.), 655; *Tate* v. *Tate,* supra.

The case having been properly disposed of in the lower courts, a denial of the writ of *certiorari* results.