ROSE *v.* STATE.

(*Nashville*, December Term, 1940.)

Opinion filed June 14, 1941.

W. B. Williams and Willard Hagan, both of Lebanon, for plaintiff in error.

Ernest F. Smith, Assistant Attorney-General, for the State.

Mr. Justice McKinney delivered the opinion of the Court.

J. H. Rose, referred to herein as the defendant, has appealed to this court from a conviction for conspiring with certain persons, named in the indictment, to bribe peace officers of Wilson County so as to permit such persons to engage in the unlawful sale of intoxicating liquors without being molested, his punishment being fixed at a fine of $100. · The indictment was returned on August 29, 1940, and it alleges that the offense .was committed on August 30, 1938, or one day less than two years prior to the finding of the indictment.

The provisions of the Code, which we are to construe and apply to the facts of this case, are as follows:

11063. "If two or more. persons conspire either to

commit any offense against the State of Tennessee or to defraud the State in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not more than one thousand dollars, or to imprisonment in the penitentiary for not more than five years, or to both fine and imprisonment in the discretion of the jury.''

11064. ''The crime of conspiracy may be committed by any two or more persons conspiring: (1) To commit any indictable offense; (2) falsely and maliciously to indict another for such offense; (3) to procure another to be charged with, or arrested for any such offense; (4) falsely to move or maintain any suit; (5) to cheat and defraud any person of any property by means in themselves criminal, or by any means which would amount to a cheat; (6) to obtain money by false pretenses; (7) to commit any act injurious to public health, public morals, trade, or commerce, or for the perversion or obstruction of justice, or the due administration of the law.''

11065. ''Persons guilty of any conspiracy described in the preceding section, or of any conspiracy at common law, are guilty of a misdemeanor.''

11484. ''All prosecutions for misdemeanors, shall be commenced within twelve months next after the offense has been committed, except gaming, which shall be commenced within six months.''

It is conceded that if the offense for which the defendant was convicted comes within section 11064 that the prosecution is barred, and the motion to quash or to arrest the. judgment should have been sustained. This statute has been the law of this State ever since, if not prior, the adoption of the Code of 1858, Section 4789, and it expressly covers all conspiracies ''to commit any

indictable offence," and bribery is an indictable offense. It was placed in the 1932 Code without any change. The codifiers originated a new statute, which is section 11063 in the 1932 Code. Evidently it was not intended that this new section should embrace the same offenses enumerated in the old statute, and it cannot be so construed. The old statute was directed against conspiracies to violate the criminal laws of the State, while the new statute is directed at conspiracies to injure the business or property of the State or to defraud it. The statutes are not in conflict, one pertaining to criminal and the other to civil conspiracy.

The word "offense" is a comprehensive one that is used in various senses, and, in construing it in any specific instance, regard must be had to the sense in which it is used. 46 C. J., 905. In section 11063 we think it is used in the sense of injury or damage to the properties or revenues of the State.

For the reasons set forth herein the judgment of the trial court is reversed, the indictment quashed, and the defendant discharged.