DENISON *et al. v.* JOWERS *et al.*

(*Jackson,* April Term, 1951.)

Opinion filed June 16, 1951.

W. H. Denison, of Lexington, for complainants.

John P. Colton, Hugh Stanton and W. W. Hughes, all of Memphis, for defendants.

Mr. Justice Gailor delivered the opinion of the court.

The bill in this cause was filed in the Chancery Court of Henderson County, to construe part of the will of George E. Council, who died in 1935, and to secure for petitioners, Katherine and W. H. Denison, funds in the hands of the Clerk and Master rising from the sale of real estate of George E. Council, devised by his will. The Denisons claim as grantees of the widow of W. C. Council, who was a brother of George E. Council. By warranty deed, the widow transferred to petitioners her interest in the lands of George E. Council in 1945. The defendants are other parties interested in the proceeds of

the real estate, claiming as descendants of other brothers and sisters of George E. Council. They filed a demurrer to the bill which the Chancellor overruled, but he granted a discretionary appeal.

There are two questions presented by the appeal:

(1) Does the "class doctrine rule" of Tennessee, *Satterfield* v. *Mayes*, 30 Tenn. 40, control the devise in the present will?

(2) Did the brother of George E. Council, W. C. Council, have any devisable interest in the real estate of his brother?

After bequeathing to his widow, Ruby Donald Council, all his personal property, the will of George E. Council provides the widow's interest in the real estate, and its final disposition: "All real estate is hereby willed to her for her own use during her life or while she may remain unmarried. She is to have absolute control of the real estate to use as she deems best during her life or widowhood, except that she cannot sell the said property, which, *at her death,* I will shall go to my brothers and sisters, or their children if any of them should be dead and leave children, *share and share alike.*" (Our emphasis.)

No other language in the will sheds any light on what the testator meant by this clause. Its language is clear and unambiguous.

Use of the phrase, "at her death," indicates that the testator's intent was that members of the class should be determined at the widow's death, and use of the phrase, "share and share alike," shows an intention to have a division of the estate per stirpes.

By his language, the testator expressed an intention to give his real estate to his brothers and sisters in fee simple, but to share in the estate, it was necessary either that a brother or sister survive the widow, or that a

brother or sister who predeceased the widow, should leave children who survived her.

The testator had two brothers and two sisters, all of whom died before the widow, but three of whom left children who survived her. The brother who died before the widow and who left no children, was W. C. Council. It is to secure his share in the real estate that the petitioners have filed the present bill.

"The rule is well settled that, where a bequest is made to a class of persons, subject to fluctuation in increase or diminution of its number, in consequence of future births or death, and the time of payment or distribution of the fund is fixed at a subsequent period, or on the happening of a future event; the entire interest vests in such persons, only, as at that time, fall within the description of persons, constituting such class." *Satterfield* v. *Mayes,* 30 Tenn. 40, 41.

This statement of the rule is approved in many subsequent decisions of this Court, notably the following: *Sanders* v. *Byrom,* 112 Tenn. 472, 474, 79 S. W. 1028; *Tate* v. *Tate,* 126 Tenn. 169, 148 S. W. 1042; *Jennings* v. *Jennings,* 165 Tenn. 295, 301, 54 S. W. (2d) 961.

This is often a hard rule, and if there be even a slight ground on which to base a construction of a devise to the individuals, rather than to a class, the Court will seize the opportunity to do so as a matter of equity. *Bridgewater* v. *Gordon,* 34 Tenn., 5; *Sanders* v. *Byrom,* supra; *Tate* v. *Tate,* supra; *Keeling* v. *Keeling,* 185 Tenn. 134, 203 S. W. (2d) 601; *Hobson* v. *Hobson,* 184 Tenn. 484, 491, 201 S. W. (2d) 659.

In his will, George E. Council does not name his brothers and sisters, nor does it appear from the will, how many brothers and sisters he had. There is no language in the devise which points to individuals rather

than to the class composed of brothers and sisters. It is provided that children of deceased brothers or sisters shall represent their parents, but "The provision for substitutional representation does not render the class notion inoperative." *Tate* v. *Tate,* 126 Tenn. at page 180, 148 S. W. 1042, 1045; *Fulkerson* v. *Bullard,* 35 Tenn. 260, nor does use of the phrase, "share and share alike." *Jackson* v. *Everett,* 3 Shannon's Tenn. Cases, 811.

As to the second question which we have suggested to be presented by the appeal, namely, whether prior to the death of the widow of George E. Council, W. C. Council had any interest which he could devise or transmit, we feel that that question is really answered by the statement of the rule from *Satterfield* v. *Mayes,* supra, as we have quoted it above, where it is said, "the entire interest vests in such persons, only, as *at that time* (death of life tenant), fall within the description of persons, constituting such class." But if other authority be needed, it is supplied by *Rinks* v. *Gordon,* 160 Tenn. 345, 347, 24 S. W. (2d) 896; *Hobson* v. *Hobson,* supra, 184 Tenn. at page 491, 201 S. W. (2d) 659.

■ By the passage of Chapter 13 of the Public Acts of 1927, which is now Code Sec. 7598, the Legislature did no more than enact a rule which this Court had eagerly followed without the legislation. Compare: *Sanders* v. *Byrom,* supra, and *Tate* v. *Tate,* supra. The rule of the class doctrine, as it affects the transmissibility of the interest of W. C. Council in the present case, is a minority rule, and is contrary to the common law, *Sanders* v. *Byrom,* 112 Tenn. 472, 474, 79 S. W. 1028; History of the Class Doctrine in Tennessee, Chambers, 12 Tenn. Law Review, 115; Simes, Law of Future Interests, Vol. 1, Sec. 76; nevertheless, the rule as we have applied it is so firmly established in our decisions, that this Court

must abide by it under the doctrine of stare decisis until it is changed by the Legislature.

For the reasons stated, we think the learned Chancellor was in error in overruling the demurrer, and his decree is reversed, the demurrer sustained, and the bill dismissed at complainant's cost.

All concur.