362

CROWE *et al. v.* STATE.

(*Knoxville,* September Term, 1950.)

Opinion filed June 16, 1951.

ROY C. NELSON and C. C. STREET, both of Elizabethton, for appellants.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

The appellants were tried and convicted of a conspiracy to defraud the State under Section 11063 of the Code and their punishment fixed at a fine of $500.00 and three (3) years confinement in the State penitentiary. Nick Combs was separately indicted and convicted of the unlawful sale of intoxicating liquor and sentenced to pay a fine of $100.00 and ninety (90) days in jail.

The conspiracy as alleged was that the plaintiffs in error were engaged in the sale of intoxicating liquors without first paying the tax imposed thereon by the State.

There is a difference of opinion between the District Attorney General and the Assistant Attorney General, whose duty it is to prosecute State cases in this Court. The former is of opinion that a sale of liquor without first paying the tax is an indictable offense under Section 11063 of the Code, while General Tipton is of a contrary opinion.

When the authorities are considered along with the intention of the legislature, we think the plaintiffs in error are not guilty of a criminal conspiracy. It is pointed out on the State's brief that the Statute makes it a felony to conspire to commit any offense against the State or defraud the State in any manner. But we think it is not applicable to the facts of the case at bar.

In construing Code Sections 11063 and 11064, it was held, McKINNEY, Justice, speaking for the Court, that 11064 related to "conspiracies 'to commit any indictable offense' "; that 11063 was brought into the Code by the codifiers of the official Code of 1932 and was intended to embrace the same offenses enumerated in the old Statute, 11064, but say the Court "it cannot be so construed." Continuing further it is said: "The old statute was directed against conspiracies to violate the criminal laws of the state, while the new statute is directed at conspiracies to injure the business or property of the state or to defraud it. The statutes are not in conflict, one pertaining to criminal and the other to civil conspiracy." *Rose* v. *State,* 177 Tenn. 586, 589, 151 S. W. (2d) 1088, 1089.

The indictment upon which the plaintiffs in error were tried and convicted is Code Section 11063 and reads as follows: "If two or more persons conspire, either to commit any offense against the state of Tennessee or to defraud the state in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not more than one thousand dollars, or to imprisonment in the penitentiary for not more than five years, or to both fine and imprisonment in the discretion of the jury."

We are constrained to hold that plaintiffs in error are not subject to prosecution under this Section of the Code for any agreement or alleged conspiracy to evade the payment of a privilege tax. In the case at bar we are dealing with a penal statute, which requires a strict construction. It is not denied that one who wilfully fails to pay to another what is admittedly due is in a certain sense guilty of a fraud upon the latter, but it is not a criminal act. Now in this case "there simply exists the exercise of a privilege made taxable by law without the payment of any privilege tax." If this conviction can be sustained under Code Section 11063, any and all persons who jointly exercise any taxable privilege without first having procured the proper license therefor may likewise be convicted. The foregoing statement represents the State's contention and we are in full accord with it. We are also in agreement with this further insistence, viz., "that the legislature in enacting the above Code Section 11063 did not contemplate any such result, but to the contrary the statute was aimed at those conspiracies which should consist of effective action on the part of conspirators to deprive the State of some of its effects, and property already in possession, and was not designed to apply to a conspiracy merely to fail to pay taxes which might be due and owing."

The assignments of error are sustained in the conspiracy case, and it is accordingly reversed.

There is no doubt as to the guilt of Combs of selling intoxicating liquors and his case is affirmed.

All concur.