JONES v. DONELSON et al.—264 S. W. (2d) 828.

Middle Section.　　October 30, 1953.

Petition for Certiorari denied by Supreme Court, February 11, 1954.

468

Charles L. Cornelius, Jr., of Nashville, for appellants.

Goodpasture, Carpenter & Dale, of Nashville, for appellee.

FELTS, J.   This is a bill to construe the will of Kate M. Hooper, who died at her home in Nashville February 14, 1952, leaving a holograph will which was in these words:

"March 21, 1951

"I wish my estate to be divided equally between my sister, Mrs. John Donelson and Nieces Mrs. Mary Hooper Donelson Jones, Mrs. Eleanor Randle Hunter, Mrs. Mary Love Doubleday, Mrs. Elizabeth Love Brittain and Mrs. Grayson Love Hancock. In the event either should pass away, divide estate among the remaining ones.

"I appoint Mrs. Mary Hooper Donelson Jones executor of estate without bond.

"Kate M. Hooper"

The question is whether the estate is to be equally divided *per capita* among the six individuals named, each taking a one-sixth; or equally divided *per stirpes* between the sister as one class and the five named nieces as the other class, the sister taking one-half and the nieces the other half, or one-tenth each.

The Chancellor adopted the latter construction and decreed that the sister, Mrs. Donelson, shall take one-half of the estate and that the other half shall be equally divided among the five nieces.

All of the nieces, except Mrs. Jones, daughter of Mrs. Donelson, appealed and insist that the true construction and intention of the will is that the estate be equally divided among the six legatees named and that they severally take as individuals, and not collectively as members of two classes, each taking a one-sixth of the estate.

As an aid to the construction of the will, the surrounding circumstances were shown in the evidence. What the testatrix called a "copy", entirely in her handwriting, was found in her lock box and was exhibited with the bill and introduced in evidence. It was as follows:

"March 21, 1951

Copy

"I wish to leave my estate, ~~which is~~ to be divided equally between my sister, Mrs. John Donelson and nieces Mrs. Mary Hooper Donelson Jones, Mrs. Eleanor Randle Hunter, Mrs. Mary Fuller Love Doubleday, Mrs. Elizabeth Love Brittain and Mrs. Grayson Love Hancock.

"In case of death of any of the beneficiaries, the estate to be divided between the others.

"I appoint Mrs. Mary Hooper Donelson Jones executor of estate without bond.

"Kate M. Hooper"

Testatrix was the youngest of ten children, six sons and four daughters. All of her brothers and all of her sisters except Mrs. Donelson predeceased her. She never married, had no child, and her next of kin were her sister Mrs. Donelson, her five nieces named in the will, and a number of other nieces and nephews.

She and Mrs. Donelson, being the two youngest, grew up together, went to the same schools, and lived together until Mrs. Donelson married. Testatrix then went to live in the home of her oldest sister, Mrs. James R. (Mary Hooper) Love, mother of Mrs. Mary Love Doubleday, Mrs. Elizabeth Love Brittain, and Mrs. Grayson Love Hancock, three of the nieces mentioned in the will. She lived with this sister and these nieces for more than 20 years, until she went to South Carolina.

She was a teacher and taught Home Economics in South Carolina for many years. During this period she spent most of her summer vacations in the home of Mrs. Love until the latter's death in 1935, and thereafter in the homes of these nieces until she retired in 1946. From then on she lived in Nashville and was intimately associ-

ated with Mrs. Donelson and the five nieces named in the will. It is stated in the bill that her estate, all personalty, amounts to some $30,000.

■ ■ The object in the construction of every will is to find the intention the testator has expressed in the will. That intention is to be gathered from the particular words used, their context, and the will as a whole, considered in the light of the surrounding circumstances. Jones v. Hunt, 96 Tenn. 369, 34 S. W. 693; Hoggatt v. Clopton, 142 Tenn. 154, 217 S. W. 657; Adkisson v. Adkisson, 4 Tenn. Civ. A. 453.

"The fundamental rule of construction of all instruments, is that the *intention* shall prevail, and for this purpose the *whole* of the instrument will be looked to. The *real intention* will always *prevail* over the literal use of terms". Brown v. Hamlett, 76 Tenn. 732, 733, 735 (Italics ours).

■ ■ The words of a will are to be taken in their ordinary, proper, grammatical sense unless this would raise an ambiguity, conflict, or other difficulty of construction; and in such case the primary meaning of the words may be modified so far as to avoid the difficulty and conform to the intention gathered from the whole will. Puryear v. Edmondson, 51 Tenn. 43, 44, 51; Sizer's Pritchard on Wills (2 Ed.), Secs. 392, 395, 396.

As we have seen, the testatrix wrote her will in these two sentences: "I wish my estate to be divided equally between my sister (naming the sister) and nieces (naming five nieces as individual legatees). In the event either should pass away, divide estate among the remaining ones."

For Mrs. Donelson, it is argued that the word "between" imports only two things while "among" means more than two; that the use by the testatrix of "between"

in the first sentence shows she intended her estate to be equally divided *per stirpes* between her sister as one class and the nieces as another class, the sister taking one-half and the nieces the other half. And it is said that in the second sentence she used the word "either" as showing she still had in mind a division of her estate to the two groups or classes.

We think this argument is unsound. The testatrix expressed her intent that her estate be divided equally between the six persons named, designating them not as member of a class or classes but as individual legatees. It is clear she used the word "between" as synonymous with "among", to import not two but six individuals.

It is also clear that she used the word "either" in the second sentence as synonymous with "any" and to refer to these individuals and not to "two groups or classes." For if she had been thinking of two classes, she would have known that if "either" (class) passed away, only one would be left—there would be no "remaining *ones*" among whom to divide the estate.

Our cases show that this bequest does not come within the "class doctrine". That doctrine has been discussed in numerous cases, particularly Sanders v. Byrom, 112 Tenn. 472, 79 S. W. 1028; Tate v. Tate, 126 Tenn. 169, 148 S. W. 1042; Denison v. Jowers, 192 Tenn. 356, 241 S. W. (2d) 427, 428.

In Denison v. Jowers, supra, Mr. Justice Gailor stated the class doctrine rule thus:

"'The rule is well settled that, where a bequest is made to a class of persons, subject to fluctuation in increase or diminution of its number, in consequence of future births or death, and the time of payment or distribution of the fund is fixed at a subsequent period, or on the happening of a future event;

the entire interest vests in such persons, only, as at that time, fall within the description of persons, constituting such class.' Satterfield v. Mayes, 30 Tenn. 58.''

In Sanders v. Byrom, supra, 112 Tenn. at pages 477-478, 79 S. W. at page 1029, the Court stated the essentials required to bring a bequest or devise within the class doctrine as follows:

"It is observed that there are three elements in the rule. One is that there must be a class of persons subject to fluctuation by increase or diminution of its number; second, that the bequest must be to the class; and, third, that the time of payment or distribution must be fixed at a subsequent period.''

In Tate v. Tate, supra, Chief Justice Neil reviewed numerous cases, and, after doing so, said:

"If the testator should single out any individuals, either by name or in any other manner, so as to designate and distinguish them, this would necessarily break up the class idea.'' Tate v. Tate, supra, 126 Tenn. at page 180, 148 S. W. at page 1045.

Farley v. Farley, 121 Tenn. 324, 115 S. W. 921, relied on by Mrs. Donelson, differs from this case. There the gift was "to James Osborne and heirs of Lucy Farley, equally,'' the word "heirs" being descriptive of the class of persons, subject to fluctuation, who would take one-half and James Osborne the other half.

In the case before us there was no such word descriptive of a class. Instead, each of the six persons was explicitly named as legatees. In the Farley case it was said:

" 'If the bequest in a will of a remainder is as explicit as to the persons who are to take as if they were named, the remainder vests as it would have done if the parties

had been named, and they do not take as a class.' " 121 Tenn. at page 329, 115 S. W. at page 922.

In Denison v. Jowers, supra, 192 Tenn. at page 359, 241 S. W. (2d) at page 428, referring to the class doctrine rule, Mr. Justice Gailor said: "This is often a hard rule, and if there be even a slight ground upon which to base a construction of a devise to the individuals, rather than to a class, the Court will seize the opportunity to do so as a matter of equity." (Citing cases.)

█ It is a generally accepted rule of construction that in a gift to a person described as standing in a certain relation to the testator and to the children (or grandchildren) of another person standing in the same relation, the objects of the gift take *per capita* and not *per stirpes*; and, therefore, each child of the latter person takes a share equal to the share of the first person. 57 Am. Jur., Wills, Sec. 1313; 2 Jarman on Wills (5 ed), *1050-1051. See cases cited in annotation 16 A. L. R. 98.

This rule has been applied in many Tennessee cases, among others the following: Seay v. Winston, 26 Tenn. 472, 478; Malone v. Majors, 27 Tenn. 577, 579; Puryear v. Edmondson, 51 Tenn. 43, 47; Ford v. Iredale, 3 Shan. Cas. 764; Kimbro v. Johnston, 83 Tenn. 78, 79.

In each of those cases the word "between" was used to indicate an equal division among more than two legatees or devisees. But there was no particular discussion of the word, doubtless because it was regarded as synonymous with "among", as Judge Turley did, in Seay v. Winston, 26 Tenn. 472, 478.

The testatrix herself has supplied proof that she used "between" and "among" as synonymous and interchangable. In the second sentence of the will she said, "divide estate *among* the remaining ones"; in the second sentence

of the ''copy'', she said ''the estate to be divided *between* the others.''

''In popular usage no distinction is made between the words 'between' ,and 'among'; both being used without regard to the number involved. This confusion of meaning frequently appears in wills; and effect is given to testator's actual intention. Ocassionally it seems that there is not even a prima facie assumption that the terms are employed accurately. In other cases it seems that there is a prima facie inference of accuracy'' 3 Page on Wills (3 Ed.), Sec. 1084.

This statement is supported by many cases among others these: McIntire v. McIntire, 192 U. S. 116, 121, 24 S. Ct. 196, 48 L. Ed. 369, 371 (opinion by Holmes); Hicks' Estate, 134 Pa. 507, 508, 19 A. 705; Edwards v. Kelly, 83 Miss. 144, 35 So. 418; Hill v. Van Sant, 133, N. J. Eq. 133, 136, 30 A. (2d) 904. See cases collected in annotation 16 A. L. R. 27.

For these reasons we think the intention of the testatrix was to divide her estate equally among the six named legatees, her sister and the five nieces mentioned in the will, each taking a one-sixth of the estate.

The decree of the Chancellor is reversed and a decree will be entered in this Court as above indicated. We think the costs of the appeal should be paid by the executrix and taxed as a part of the cost of administration and it is so ordered.

Howell, J., not participating.

Hickerson, J., concurs.