194

## ROZELLE WILSON et al. v. LUCILLE BURKE SMITH et al. —337 S. W. (2d) 456.

Western Section, at Jackson.   May 20, 1960.

Bayard S. Tarpley and William S. Russell, Shelbyville, for appellants.

E. T. Palmer, Dyersburg, for appellees.

Weakley & Weakley, Dyersburg, for Mary Anne Brenza, Susan Griswold and Constance Matter.

A. D. Walker, Jr., Dyersburg, guardian ad litem.

BEJACH, J. This cause involves a construction of Item 3 of the will of Dr. Robert A. Burke, who died in 1934. His will devised all of his real estate to his widow, Nannie G. Burke, for life, with remainder to his brothers and sisters and the children of any deceased brother or sister, per stirpes. The sole question which this Court is called upon to decide is whether what is known as the "Class Doctrine" in Tennessee, is applicable to the remainder interests provided for in said will; or whether the will created "vested and transmissible" interests which vested immediately upon the death of Dr. Burke, subject only to the life estate created in favor of his widow.

The only portion of the will involved on this appeal is Item 3 of same, which is as follows:

"Item 3:—I hereby devise and give to my wife, Nannie G. Burke, all of my real estate, including lands, business houses, lots, etc., wherever situated, for and during her life only. After her death, I desire and will that all of my real estate shall be equally divided between my brothers and sisters, and the children of any deceased brother or sister, per stirpes, in other words, the children of any deceased brother or sister are to receive the same amount that their mother or father would have received if living under this will."

The Judge of the Common Law and Chancery Court of Dyer County ruled that the above quoted provision of Dr. Burke's will created "vested and transmissible" interests in the brothers, sisters, nieces, and nephews of Dr. Burke living at the time of his death, subject only to the life estate of Mrs. Nannie G. Burke, and that such interests or estates vested at the time of Dr. Burke's death. Thomas Albert Burke and Elizabeth Burke Clary, son and daughter, respectively, of William Arnold Burke, a brother of Dr. Robert A. Burke, who had predeceased the Doctor, prayed and have perfected their appeals to this Court. They contend that the "Class Doctrine" rule applies and that, consequently, they are entitled to a larger share of Dr. Burke's estate than was decreed to them.

The bill in this cause was filed by Rozelle Wilson, Elizabeth Wilson Kirchdorfer, Robert Burke Wilson, Dorothy Wilson Goldsby, and James Gordon Wilson, children of Edna Burke Wilson who died in 1952, sister

of Dr. Robert A. Burke; Jane Burke Murphy, William Hays Burke, Elizabeth Burke Clary, Thomas Albert Burke, Louise Burke Cole, Ann Burke Wickman, and Mary Burke Lockridge, children and grandchildren of William Arnold Burke, brother of Dr. Robert A. Burke, who had predeceased the Doctor; and Bonnie Burke Haley and Anne Burke Barnes, daughters of Gordon Lee Burke, brother of Dr. Robert A. Burke, who died a few months after the death of the Doctor,—against Lucille Burke Smith, Mary Anne Brenza, Susan Griswold, Constance Matter, R. A. Baker, and Jones Greer, Charles Colby Burke, Leila Posey Burke, and all of the unknown children and descendants of children of every brother and sister of Dr. Robert A. Burke, deceased, whose names and residences are unknown and cannot be ascertained upon diligent inquiry. All descendants of Dr. Robert A. Burke, known and unknown, and all other persons known to have or assert any claim against the property of Dr. Burke under deeds or wills executed by any of his descendants, are before the Court in this cause. The property involved has been sold, with the proceeds of such sale substituted therefor. The distribution of such proceeds awaits only the final disposition of this cause, which will determine who is entitled to share in same, and in what proportion their shares shall be distributed to them.

The testator, Dr. Robert A. Burke, died in 1934, survived by two brothers, Gordon Lee Burke and Charles Bell Burke, and by one sister, Edna Burke Wilson,—having been predeceased by one sister, Mary Burke Somervell, who left a son, Brehon Burke Somervell, and by one brother William Arnold Burke, who left five children: Louise Burke Cole, Charles Burke, Elizabeth Burke

Clary, William R. Burke, and Thomas A. Burke. The widow, Nannie G. Burke, who was named as life tenant in the will, died March 22, 1957. General Brehon B. Somervell, son of Mary Burke Somervell, who had predeceased Dr. Burke, was alive at the time of Dr. Burke's death, but died before the life tenant. He left a will which named as beneficiaries his widow, Louise Hampton Somervell, his three children, Mary Anne Brenza, Susan Griswold, and Constance Matter, and three step-children, Louise Ann Sherly, Mary Louise Can Lear, and Alice Waldran. Charles Burke, son of William Arnold Burke, brother of Dr. Burke, who had predeceased him, had died in 1932 leaving five children, viz., Charles Burke, William R. Burke, Louise Burke Cole, Elizabeth Burke Clary, and Thomas Albert Burke. Charles Burke had also predeceased Dr. Burke, leaving surviving him two children, Charles Colby Burke and Leila Posey Burke. William R. Burke survived Dr. Burke, but died before the life tenant, leaving four children, William Hays Burke, Jane Burke Murphy, Ann Burke Wickman, and Mary Burke Lockridge. He left no will, but had in his lifetime executed a deed conveying his interest in part of the lands here involved to H. V. Berson, who in turn has conveyed same to Jones Greer. Gordon Lee Burke, brother of Dr. Robert A. Burke, who survived him by a few months, left three children, Anne Burke Barnes, Bonnie Burke Haley, and Lucille Burke Smith, as well as his widow, Stella Jackson Burke, all of whom were beneficiaries under his will. Edna Burke Wilson, sister of Dr. Robert A. Burke, who survived him died during the lifetime of the life tenant, Mrs. Nannie G. Burke, without a will, but left surviving her five children, Rozelle Wilson, Elizabeth Wilson Kirchdorfer, Robert Burke Wilson, Dorothy

Wilson Goldsby, and James Gordon Wilson. Charles Bell Burke, brother of Dr. Robert A. Burke, survived him, but died during the lifetime of the life tenant, Mrs. Nannie G. Burke, in 1953. He had two children, viz., Charles Bell Burke, Jr., who had died in 1923, and Eleanor Burke, who survived her father, but died in 1956, leaving a will in favor of Rozelle Wilson, James Gordon Wilson, Louise Burke Cole, Bonnie Burke Haley, Lucille Burke Smith, and William R. Burke.

We think that the learned trial judge erred in construing Item 3 of the will of Dr. Robert A. Burke as creating transmissible interests in the brothers, sisters, nieces, and nephews of Dr. Burke living at the time of his death, which interests or estates vested at that time. We think the class doctrine rule is applicable to the facts of the instant case, and that the interests or estates of members of that class, as individuals, could not be definitely ascertained until the death of Mrs. Nannie G. Burke in 1957, which was the time fixed for determination of the class by provision of Dr. Burke's will. This class, in our opinion, consisted of the brothers and sisters of Dr. Burke, whether living or dead, at the time of the making of the will or at the time of his death, and the children of such brothers and sisters, including grandchildren. Item 3 of Dr. Burke's will devises all of his real estate to a class of persons, subject to fluctuation by increase or diminution of its number, in consequence of future births or deaths, and the time of distribution to them is fixed at a subsequent period dependent on the happening of a future event. Such constitutes the requirements for application of the class doctrine as prescribed in Satterfield v. Mayes, 30 Tenn. 58, and all of those requirements are present in the instant case.

■ The class doctrine rule was established in Tennessee by the case of Satterfield v. Mayes, 30 Tenn. 58, decided in 1849, and has been followed in a long line of cases since then, down to and including 1959,—among which cases are Forrest v. Porch, 100 Tenn. 391, 45 S. W. 676; Nichols v. Guthrie, 109 Tenn. 535, 73 S. W. 107; Sanders v. Byrom, 112 Tenn. 472, 79 S. W. 1028; Tate v. Tate, 126 Tenn. 169, 148 S. W. 1042; Rinks v. Gordon, 160 Tenn. 345, 24 S. W. (2d) 896; Jennings v. Jennings, 165 Tenn. 295, 54 S. W. (2d) 961; Hobson v. Hobson, 184 Tenn. 484, 201 S. W. (2d) 659; Felts v. Felts, 188 Tenn. 404, 219 S. W. (2d) 903; Denison v. Jowers, 192 Tenn. 356, 241 S. W. (2d) 427, and Burdick v. Gilpin, 1959, 205 Tenn. 94, 325 S. W. (2d) 547, in which last named case, the Supreme Court adopted the opinion written by Howard, J., of the Eastern Section of this Court, and made his opinion its own. It is true there is another line of cases headed by Bridgewater v. Gordon, 34 Tenn. 5, and including the comparatively recent case of Harris v. France, 1950, 33 Tenn. App. 333, 232 S. W. (2d) 64, 69 which advocate the doctrine of seizing slight grounds for refusing to apply the rule. As was said by Anderson, P. J., of this Court in discussing the class doctrine rule, in Harris v. France:

"Under this doctrine the individuals composing the class have no estate prior to the period for distribution but only an expectancy. Cf. Rinks v. Gordon, 160 Tenn. 345, 24 S. W. (2d) 896; Hobson v. Hobson, 184 Tenn. 484, 201 S. W. (2d) 659. The mere fact that the time of payment or distribution is postponed implies a condition precedent of survivorship. Sanders v. Byrom, supra (112 Tenn. 472, 79 S. W. 1028).

"The foregoing view of the class doctrine is contrary to the common law and the great weight of authority. Simes: Law of Future Interests, Vol. 1, Sec. 76; see also Vol. 2, Sec. 390, page 158; Sanders v. Byrom, 112 Tenn. 472, 474, 79 S. W. 1028. Because it so often operates to defeat the intention of the testator, our courts have been increasingly reluctant to apply it, and have done so only where it was impossible to discover anything in the instrument justifying a refusal to do so. Bowers v. Moore, 138 Tenn. 132, 196 S. W. 147; Tate v. Tate, 126 Tenn. 169, 148 S. W. 1042; Hobson v. Hobson, supra (184 Tenn. 484, 201 S. W. (2d) 659); Keeling v. Keeling, 185 Tenn. 134, 203 S. W. (2d) 601; consult Parish v. Grooms, 1 Tenn. Ch. 581, 585; Whitman v. Young, 1 Tenn. Ch. 586, 588; Chambers: History of the Class Doctrine in Tennessee, 12 Tenn. Law Review, 115." Harris v. France, 33 Tenn. App. 345-346, 232 S. W. (2d) 69.

On the other hand, as was said by Justice M. M. Neil, later Chief Justice, in Tate v. Tate, 126 Tenn. 169, 148 S. W. 1042:

"The present opinion, and Sanders v. Byrom, supra, (112 Tenn. 472, 79 S. W. 1028), we believe, when taken together, furnish a fairly full review of the doctorine as understood and administered in this state. The doctrine, like the rule in Shelley's Case, is not difficult to state, but, also like the rule in that case, is difficult to apply to concrete facts. The difficulty, we think, has arisen out of the effort to escape its effect by making subtle distinctions. The better course, it seems to us, is to adhere to the plain rule, unless there is a clear indication in the will, or

other instrument, that the maker of it had in mind particular individuals. Otherwise, grievous mistakes will continue to be made in the construction of instruments on which business and other property rights are based." Tate v. Tate, 126 Tenn. 198, 148 S. W. 1050.

Also, as was said by Mr. Justice Gailor in Denison v. Jowers, 1951, 192 Tenn. 356, 241 S. W. (2d) 427:

"The rule of the class doctrine, as it affects the transmissibility of the interest of W. C. Council in the present case, is a minority rule, and is contrary to the common law, Sanders v. Byrom, 112 Tenn. 472, 474, 79 S. W. 1028; History of the Class Doctrine in Tennessee, Chambers, 12 Tenn. Law Review, 115; Simes, Law of Future Interests, Vol. 1, Sec. 76; nevertheless, the rule as we have applied it is so firmly established in our decisions, that this Court must abide by it under the doctrine of stare decisis until it is changed by the Legislature." Denison v. Jowers, 192 Tenn. 360-361, 241 S. W. (2d) 429.

The reference in the above quotation, "as it affects the transmissibility of the interest of W. C. Council", concerns the circumstances that W. C. Council, who, if he had survived the life tenant, would have been a member of the class entitled to inherit, had during his lifetime, which terminated before the death of the life tenant, undertaken to convey his interest in the property which was devised to a class. Such conveyance was held to be ineffectual, as only those who could qualify as members of the class at the death of the life tenant were entitled to inherit. That question is likewise involved in the instant case. Deeds and wills referred to

above, executed by various descendants of brothers and sisters of Dr. Robert A. Burke, prior to the falling in of the life estate of Mrs. Nannie G. Burke, are all, in our opinion, ineffectual to pass any interest in the real estate, or the proceeds thereof, involved in the instant case; because at the time of executing such deeds and/or wills, the grantors or devisors owned no transmissible interests which they could convey. Such is the necessary consequence of application of the class doctrine rule. In Nichols v. Guthrie, 109 Tenn. 535, 73 S. W. 107; Rinks v. Gordon, 160 Tenn. 345, 24 S. W. (2d) 896, and Felts v. Felts, 188 Tenn. 404, 219 S. W. (2d) 903, attempted conveyances, by will or by deed, of those who would have inherited if they had survived the life tenant and qualified as members of the class designated, were held ineffectual; and, in Hobson v. Hobson, 184 Tenn. 484, 201 S. W. (2d) 659, such conveyance by one of the members of the class who did survive the life tenant, executed before the death of the life tenant, was held good, but solely on the principle of estoppel by deed.

But is is argued that Section 32-305 T. C. A. (originally enacted as Chapter 13, Acts of 1927) abolishes the class doctrine rule in Tennessee, and, consequently, that the judgment of the learned trial judge in the instant case should be affirmed.

Section 32-305 T. C. A. is as follows:

"Class of persons benefitting—effect of death of one person before time of enjoyment.—Where a bequest, devise, conveyance, transfer or gift is made to a class of persons subject to fluctuation by increase of diminution of its number in consequence of future births or deaths, and the time of payment,

distribution, vestiture or enjoyment is fixed at a subsequent period or on the happening of a future event, and any member of such class shall die before the arrival of such period or the happening of such event, and shall have issue surviving when such period arrives or such event happens, such issue shall take the share of the property which the member so dying would take if living, unless a clear intention to the contrary is manifested by the will, deed or other instrument.''

We do not construe the statute as is contended for by counsel for appellees, nor is such construction, in our opinion, justified by any decision referring to same which has been pointed out to us. Proper construction of this statute, in our opinion, as applied to the facts of the instant case, merely adds to the class entitled to inherit as beneficiaries under Dr. Burke's will, descendants of his brothers and sisters, who otherwise might not qualify as members of the class, being neither brothers nor sisters of Dr. Burke nor children of his deceased brothers and sisters. This same result might, in any event, have been arrived at by construing the phrase, ''children of any deceased brother or sister'', as including grandchildren of such brothers and sisters; or it might have been arrived at, also, as is contended for in the instant case by the guardian ad litem, on authority of Haywood's Heirs v. Moore, 21 Tenn. 584-586, by ruling that the word ''children'' actually meant ''heirs''. In Cherokee Brick Co. v. Bishop, 156 Tenn. 168, 299 S. W. 770, grandchildren were held to qualify as beneficiaries under a provision in the Workmen's Compensation Law, Acts 1919, c. 123, sec. 30, subd. 3, which provides, ''wife, *child,* husband, mother, father, grandmother, grandfather, sister, brother, moth-

er-in-law, and father-in-law who were wholly supported by the deceased workman * * * shall be considered his actual dependents.''

It is contended by counsel for appellees that Chapter 13, Acts of 1927, now embodied in Sec. 32-305 T. C. A., abolished the class doctrine in Tennessee. We cannot agree to this contention. In Jennings v. Jennings, 165 Tenn. 295, 54 S. W. (2d) 961, in an opinion written by Mr. Chief Justice Green, a decision by the Court of Appeals, that the class doctrine would be applicable but for Chapter 13, Acts of 1927 (Sec. 32-305 T. C. A.), was reversed and the class doctrine rule applied. It was held, however, that the statute was prospective in its operation, and, therefore, not applicable to the facts of that case. It is true, the opinion of Anderson, P. J. in Harris v. France, 1950, 33 Tenn. App. 333, 347, 232 S. W. (2d) 64, 70, says: ''In other words, by virtue of the statute, where applicable, the rule now is that notwithstanding that the time of payment or distribution of the estate is fixed at a subsequent period, or upon the happening of a future event, the individual members of the class will take vested transmissible interest unless the will, considered as a whole in the light of all the circumstances, manifests a clear intention to the contrary'', but on the very next page the opinion says: ''However, it is not necessary to resort to the statute to determine the issue in the present case''; so, obviously, the construction thus placed on the statute is pure dictum. On the other hand, in Denison v. Jowers, 1951, 192 Tenn. 356, 360, 241 S. W. (2d) 427, which was decided more than a year after Harris v. France, Mr. Justice Gailor, speaking for the Supreme Court, said: ''By the passage of Chapter 13 of the Public Acts of 1927, which is now Code Sec. 7598, (32-305 T. C.

A.), the Legislature did no more than enact a rule which this Court had eagerly followed without the legislation.''

As hereinabove stated, our construction of this statute is that, without abolishing the class doctrine rule, it merely adds to membership in the class entitled to take, at the falling in of the life estate or happening of other future event specified, the then surviving issue of anyone who would have been a member of the class if he or she had survived until that time.

The contention advanced by counsel for appellants that the children of Gen. Brehon B. Somervell, who died in 1955, should be excluded from the class entitled to benefit under the provisions of Dr. Burke's will, is, in our opinion, untenable. Under the construction of the statute which we have adopted, Mary Anne Brenza, Susan Griswold, and Constance Matter, children of Gen. Brehon Burke Somervell, and grandchildren of Mary Burke Somervell, sister of Dr. Robert A. Burke, qualify as members of the class designated in Dr. Burke's will; and, consequently, they inherit the share which Gen. Somerville would have been entitled to if he had survived Mrs. Nannie G. Burke. They inherit from Dr. Burke, however, under the provisions of his will, and not from their father, Gen. Somervell, under the provisions of his will. It follows that the other beneficiaries of Gen. Somervell's will are entitled to no part of the fund involved in this cause. By the same token, the line of Charles Bell Burke is extinguished. He was one of the brothers of Dr. Burke, who survived him, but died in 1953 prior to the death of the life tenant, leaving no descendants surviving him who lived until after the death of the life tenant, Nannie G. Burke. Consequently, the line of Charles Bell Burke

became extinguished; and the will of Eleanor Burke, a daughter of Charles Bell Burke in favor of Rozelle Wilson, James Gordon Wilson, Louise Burke Cole, Bonnie Burke Haley, Lucille Burke Smith, and William R. Burke conveyed no interest in Dr. Burke's property to them. They as children of Edna Burke Wilson, sister of Robert A. Burke, will inherit in their own right the share which their mother would have received if she had lived until after the death of the life tenant, but gain nothing by the will of Eleanor Burke, daughter of Charles Bell Burke. Likewise, the deeds executed by William R. Burke and H. V. Berson conveyed nothing, because the grantors in these deeds owned no interest at the time of execution of same and did not survive Mrs. Nannie G. Burke.

It results that the decree of the lower court will be reversed. A decree will be entered in this Court ordering distribution of the fund in court to members of the class hereinabove specified, consisting of the children and grandchildren of brothers and sisters of Dr. Robert A. Burke, whether living or dead at the time of execution of his will, or at the time of his death, all sharing per stirpes, who were alive at the time of the death of Mrs. Nannie G. Burke, March 22, 1957. After the entry of such decree, the cause will be remanded to the Common Law and Chancery Court of Dyer County, Tennessee for enforcement of same and distribution of the fund in court, after deducting therefrom the costs of the cause and other necessary expenses, such as attorneys' fees allowed therefrom, etc. The costs of the cause, including both those of this Court and those of the lower court will be paid out of the fund in court.

Avery, P. J. (Western Section), and Carney, J., concur.