**In the Matter of the ESTATE OF Oliver P. HALE, Deceased.**

**John Oliver HALE, Petitioner-Appellee,**

v.

**Larry H. McFARLAND, Defendant-Appellant.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Nov. 27, 1985.

Permission to Appeal Denied by Supreme Court Jan. 27, 1986.

Lloyd S. Adams, Jr., Thomason, Hendrix, Harvey, Johnson, Mitchell, Blanchard & Adams, Memphis, and James T. Ryal, Jr., Adams, Ryal & McLeary, Humboldt, for petitioner-appellee.

John F. Kizer, Kizer, Bonds & Boswell, Milan, for defendant-appellant.

HIGHERS, Judge.

This case involves the construction of a will left by Oliver P. Hale who died June 12, 1982.

The will, executed on January 19, 1960, provided that all debts, funeral expenses, inheritance and estate taxes be paid as general obligations of the estate. To his son, John Oliver Hale, the testator left "all farm lands or interests therein which I may own at my death, together with all farming equipment, implements and livestock or my interest therein located thereon, and also my interest in Gibson Gin & Mill Company...." The testator bequeathed to his daughter, Alice Jane McFarland, "a portion of my estate equal in value to the value of the property passing to my son, John Oliver Hale.... My executors shall pay this legacy in cash, stocks or bonds, or any combination thereof, as they in their discretion deem best. All values under items Second and Third of this will shall be those finally determined for Federal Estate Tax purposes."

The residue of the estate was bequeathed "unto my children, John Oliver Hale and Alice Jane McFarland, share and share alike." On May 14, 1982, the testator executed a codicil to the will by which he bequeathed his "homeplace situated at 458 Park Avenue in Milan, Gibson County, Tennessee, and my shares of the common capital stock of Milan Compress Company to the Trustee hereinafter named, IN TRUST ... for the sole benefit of my grandson, John Preston Hale ..." Alice Jane McFarland died on October 9, 1983, survived by her husband, Larry McFarland, as the sole beneficiary of her will.

On March 13, 1984, John O. Hale, the executor of the estate, upon learning of Larry McFarland's questioning of the will, petitioned the court for declaratory judgment. McFarland counterclaimed for a share of the estate equal to John O. Hale's. By order of the court dated September 17, 1984, $74,880 worth of stock belonging to the estate was sold of which $30,000 was paid to First Tennessee Bank of Jackson and the rest turned over to McFarland. Upon being informed by the executor that the estate owed additional debts including $49,063 in federal estate taxes and $15,681 in Tennessee inheritance taxes, the portion of this order permitting McFarland to receive the remainder of these funds was rescinded by the court on January 30, 1985. This ruling was consistent with the court's earlier decree of January 17, 1985, holding that the bequest to Alice Jane McFarland was a general legacy subject to debts of the estate before the bequests of John O. and John P. Hale who were found to have received specific legacies. Notice of appeal was filed February 6, 1985.

Both parties agree with the trial court's statement of the law concerning the order in which the estate assets must be applied to the payment of debts. The estate is abated in the following order:

(1) Personal estate not disposed of at all by the will or only disposed of by being included in the residuary clause.

(2) Lands expressly devised to be sold for the payment of debts and not merely charged with their payment.

(3) Real estate descended to the heir not charged with debts.

(4) Real estate devised and personalty specifically given to devisees or legatees, subject to the payment, or charged with the payment of debts.

(5) General pecuniary legacies.

(6) Real estate devised not charged with debts, and personal property specifically given, both standing on the same footing. *Pritchard on Wills and Administration of Estates*, § 480 pp. 600–601 (4th ed. 1983).

If, therefore, the trial court was correct in finding John O. and John P. Hale's legacies each to be specific legacies and in finding McFarland's bequest to be a general legacy, then the trial court did not err in its decree by ordering McFarland's interest to abate before the others. A specific legacy is "a gift by will of a particular thing, or specified part, of the testator's estate, which is so described as to be capable of being distinguished from all others of the same kind." 96 C.J.S. *Wills* § 1125, p. 878. *Cf. Leaver v. McBride,* 506 S.W.2d 141 (Tenn.1974). A general bequest is "one which is payable out of the general assets of the estate of the testatrix, being a bequest of money or other thing in quantity, and not separated or distinguished from others of the same land." *Leaver v. McBride, supra* at 144.

From these definitions, it is clear, and appellant concedes, that the legacies to John O. and John P. Hale are specific legacies. The question is whether the bequest to McFarland is general or specific. Appellant argues that the legacy to John Oliver of farm equipment and property comprised roughly one-half of the estate, and the gift to Alice McFarland was of an equal money value in stocks, bonds and cash. Since the equal value in money fairly corresponds with the non-farming portion of the estate,

appellant contends that this shows sufficient accuracy of description to qualify as a specific legacy. The will having been written in 1960, however, the non-farming portion of the estate could have grown or shrunk considerably before the will was probated, defeating the possibility that Alice would inherit the other half of the business. Therefore, although both parties agree that the intent of the testator should be followed in construing a will, as set forth in *Fisher v. Malmo,* 650 S.W.2d 43 (Tenn.App.1983), the testator's intent in this case is not at all clear.

■ Where the intent of the testator is unclear, rules of construction may be applied. *Cf. White v. Brown,* 559 S.W.2d 938 (Tenn.1977) (rules of construction necessary where will ambiguous). The language of a will is to be taken in its ordinary meaning. *Jones v. Donelson,* 37 Tenn. App. 467, 264 S.W.2d 828 (1953). Here Alice was bequeathed a portion of the estate "equal in value" to the specific legacy of John Oliver. A general legacy, as noted above, is a bequest of money or other things in quantity. It has been said that for a specific legacy, the testator "must intend that the legatee have the very thing bequeathed, not merely a corresponding amount in value or like property." 96 C.J.S. *Wills* § 1125, p. 879. It should also be noted that specific legacies are strongly disfavored over general legacies. *Pritchard on Wills,* § 469, p. 572 (4th ed. 1983). Because the bequest to Alice McFarland is stated in terms of quantity being equal to another bequest rather than in terms specific items of property and because it is to be paid in money from a fund of cash stocks and bonds, it appears from the plain meaning of the will that this is a general legacy. Certainly, there is no clear intent manifested that the legacy to Alice is to be considered specific and thus we find no error in the holding of the trial court.

The judgment of the court below is accordingly affirmed. Costs of this appeal are taxed against the appellant.

TOMLIN and CRAWFORD, JJ., concur.